## BLUFORD STEADMAN *v.* DAVID HOLMAN, Admr. &c.

1. HUSBAND AND WIFE: JUDGMENT AGAINST, WHEN NOT BINDING ON HER ESTATE, HELD UNDER ACT OF 1839.—A judgment rendered against husband and wife upon a contract entered into during coverture, will not bind her separate estate, held under the Act of 1839.

2. HIGH COURT: PRESUMPTION IN FAVOR OF JUDGMENT, UNDER REVISION.—The judgment of the court below is presumed to be correct, unless the contrary appears from the record; and hence, where the Circuit Court held that a judgment against husband and wife was invalid as to the latter, and it does not appear from the record upon what ground the decision was based, it will be presumed to be correct.

3. SAME: HUSBAND ENTITLED TO POSSESSION OF SLAVES, HELD BY WIFE UNDER ACT OF 1839.—The husband's right to the possession, during his life, of slaves held by his deceased wife, under the Act of 1839, cannot be disturbed by her administrator, unless it be shown that the slaves are necessary to pay her debts.

IN error from the Circuit Court of Carroll county. Hon. W. L. Harris, judge.

*H. A. H. Lawson,* for plaintiff in error.

*J. Z. George,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action of replevin, brought by the defendant in error as administrator of Louisa G. Steadman, the deceased wife of the plaintiff in error, against her husband, to recover certain slaves, alleged to have been the separate property of the wife.

The facts of the case, as agreed upon by the parties in the court below, are in substance as follows:

The plaintiff in error and the said Louisa were married in this State on the 6th of April, 1843, and after that time, and before the 28th of February, 1846, the slaves in controversy became the separate property of the wife by distribution of her former husband's estate, who was domiciled in this State, and his estate was distributed by a Probate Court of this State. In the year 1846, Steadman and wife made an office confession of judgment, upon

which an execution issued, and the slaves were thereupon sold, and were purchased by Holman, who afterwards, in July, 1846, executed a bill of sale for the slaves, conveying to Steadman all the right, title, and interest which he acquired by the execution-sale. Mrs. Steadman died in the year 1848, leaving three children by her former marriage, and one child, the issue of her marriage with Steadman; and in June, 1854, Holman was appointed administrator of her estate. The record of proceedings, under the confession of judgment, was offered in evidence, but by agreement of counsel it is not incorporated in the bill of exceptions.

Upon these facts, it was agreed between the parties that the court should instruct the jury as to the title of the slaves; and thereupon the court instructed the jury that the facts thus agreed upon constituted title in the plaintiff: to which opinion the defendant excepted, and the judgment being against him, he brings the case here.

The first position taken in behalf of the plaintiff in error is, that the confession of judgment, being against both husband and wife, the entire interest in the slaves passed by the sale under the execution to Holman, and was vested in Steadman by the bill of sale to him.

But this depends upon the question, whether the confession of judgment was valid, and effectual to bind the wife or to charge her property. If that judgment was valid as to the wife, the sale under it conveyed her property, as well as that of her husband, in the slaves to Holman, whose title passed to the plaintiff in error by his bill of sale. But the record of that judgment, though offered in evidence in the court below, is not in this record. It appears to have been held by that court to be invalid, but upon what ground, the record does not show. If it was so held because it was founded on a contract of husband and wife made during coverture, the decision was correct. Whether such was the fact or not, we are unable to determine, as the case is presented by this record. But as the presumption of law is, that the judgment in that respect was right, and sustained by the facts on which it was rendered, we cannot, in the absence of the record of the judgment, say that the court erred in so deciding. Upon this point, therefore, there is no ground of reversal.

The next question presented is, whether the plaintiff below was entitled to recover the slaves, as the administrator of the deceased wife, they being her separate property, and her property in them being unaffected by the sale under the execution.

It has been settled by this court, that the husband is entitled, during his life, to the possession and usufruct of slaves, the separate property of his deceased wife, as against the children of the wife, under the provision of the Act of 1839, upon the subject. *Cameron* v. *Cameron*, 29 Miss. 112. But it is here said, that he cannot hold them against his wife's administrator, because they are primarily liable for her debts, and the administrator is entitled to them for the purpose of paying her debts. This may be, and probably is true. But before the husband's right of possession, during his life, could be disturbed, it would be necessary to show that there were debts of the wife, which the slaves were required to pay. There is no evidence in the record that there were such debts. Nor can their existence be presumed from the mere fact of the grant of letters of administration upon her estate; for the administration might have been necessary for other purposes, as, for instance, to collect choses in action due her. Prima facie, the husband would be entitled to the possession during his life, and he could not be deprived of it by the administrator, unless he made it appear that there were debts against her which the slaves were necessary to pay.

There being no such evidence in this case, we think that the plaintiff below was not entitled to recover upon the evidence as presented by the record, and that the court erred in the instruction granted.

The judgment is therefore reversed, and the cause remanded for a new trial.

FISHER, J., said:

Although I declined a concurrence in the opinion of *Cameron* v. *Cameron*, yet, as I regard that opinion as a settlement of the law on the subject, I concur in this opinion.