HANSFORD LANEHART and WIFE *v.* STERLING JETER, Admr.

1. HUSBAND AND WIFE: HUSBAND'S INTEREST IN SLAVES HELD UNDER ACT OF 1839.—The husband does not acquire, by his marriage, an absolute right of property in the slaves of the wife, held under Act of 1839, his interest being usufructuary merely during the term of his own life; and hence, upon the death of the wife, if the husband become her administrator, he will be entitled to the possession of the slaves during his life, but will be compelled to inventory them as a part of her estate, to be distributed after his death.

2. SAME: CHOSE IN ACTION WHEN REDUCED TO POSSESSION: ACT OF 1839.—The possession by the husband, before the date of the Married Woman's Law of 1839, of slaves held by the wife as administratrix of a former husband, and in which she has an undivided interest as widow, will not vest in him a title to her interest in the same, if partition and division be not made until after the passage of that act; but in such case the share of the wife inures to her as her separate estate, under that act. See *Duncan* v. *Johnson*, 23 Miss. R. 130; *Clark* v. *McCreary*, 12 S. & M. 347; *Wade* v. *Grimes*, 7 How. 425.

APPEAL from the Court of Probates of Wilkinson county. Hon. Francis Gildart, judge.

Nathan Swayzie died previous to the year 1838, and his widow, Narcissa, was appointed and qualified as administratrix of his estate, and as such had in her possession all his slaves, including those in controversy in this suit. In November, 1838, the said Narcissa intermarried with the appellee, who with her, then continued in possession of all of said slaves until 1843, when said appellee having in the meantime been appointed guardian of the two children of said Nathan, a division of the slaves was made between them and the widow, by order of the Court of Probates, and the four slaves in controversy were allotted to Mrs. Jeter. Upon the death of Mrs. Jeter in 1857, the appellee, her surviving husband, was appointed administrator on her estate. He failed to return in his inventory the four slaves allotted to his wife in 1843, and this petition was filed by the heir of his wife to compel him to inventory them. The appellee resisted the prayer of the petition, upon the ground that he acquired possession of the slaves in 1838, and was entitled to them in virtue of his marital rights. On the trial the foregoing facts were shown, and further, that Jeter, the appellee, as adminis-

trator (in right of his wife) of N. Swayzie in 1839, made a final settlement of said estate, in which the slaves of the estate, including those in controversy, were recognized as assets of the estate; and that, in 1842, the said Jeter took the benefit of the Bankrupt Act, and did not return in his schedule of assets the slaves in controversy.

The court dismissed the petition, but without prejudice, and the petitioners appealed.

*Dillingham* and *Van Eaton*, for appellants,

Cited *Clark* v. *McCreary*, 12 S. & M. 352; 3 How. U. S. R. 624; 3 Vesey, Jr. 155; 12 Ib. 497; 1 Rand. 355; 7 How. 425; *Duncan* v. *Johnson*, 23 Miss. R. 130; 3 Dess. 150.

*C. S. Kellogg*, on same side.

*Duncan* v. *Johnson*, 23 Miss. R. 130; *Elms* v. *Hughes*, 3 Dessaus. 155; *Baker* v. *Hall*, 12 Ves. Jr. 479; *Gregory's Admr.* v. *Mark's Admr.* 1 Rand. 355; *Wade* v. *Grimes*, 7 How. 425; *Clarke* v. *McCreary*, 12 S. & M. 347; *Harper* v. *Archer*, 28 Miss. R. 212; *Wallace* v. *Taliaferro*, 2 Call. 376; 2 Hill Ch. R. 648; *Span* v. *Stewart*, 1 Ib. 326; *Mayfield* v. *Clifton*, 3 Stew. & Post. 375; 5 Whart. 138; 2 Serg. & R. 491; 2 Kent Com. (6th ed.) 137.

*J. R. Barlow*, for appellee,

Cited 7 Ala. R. 32; *Carter* v. *Carter*, 14 S. & M. 59; *Cable* v. *Martin*, 1 How. 563; *Lowry* v. *Houston*, 3 Ib. 394; *Walton* v. *Olive*, 7 Cushm. R. 270; *Warren* v. *Haley*, 1 S. & M. Ch. R. 647; *Marshall* v. *King*, 2 Cushm. 85; *Bennett* v. *Hurst*, 3 Dessaus. 389.

Smith, C. J., delivered the opinion of the court.

The facts of this case bring it completely within the principle laid down in *Johnson* v. *Duncan*, 23 Miss. Rep. 130, which has since been repeatedly recognized by this court.

Applying the rule there settled, it follows that the appellee did not, in virtue of his marriage with Mrs. Narcissa Swayzie, acquire an absolute title to, or the fee in, the slave property to which she was entitled as her statutory portion of her former husband's estate. The subsequent distribution of Nathan Swayzie's estate did not affect the rights of the appellee, or those of Mrs. Jeter. The

slaves allotted as her share of Nathan Swayzie's estate, remained to her, under the provisions of the Act of 1839, in regard to the rights of married women, as her separate estate; but the appellee, under the construction of the said act, as settled by this court, in *Cameron* v. *Cameron*, 29 Miss. Rep. 114, although he did not, in consequence of his marriage, become vested with an absolute right of property in the slaves described in the petition, nevertheless acquired a vested interest for his own life in their usufruct. This necessarily gives to him a right to their possession, to control and manage them during that time.

It results from this that the court erred in dismissing the petition. It should have been retained, and an order made, requiring the appellee, as the administrator of his said wife, to inventory the slaves as the property of her estate, to which Mrs. Lanehart will be entitled as distributee upon the determination of the appellee's usufructuary interest. Until that event occurs, no order of distribution is proper to be made.

Decree reversed, and cause remanded to be proceeded in as here directed.

*Note.*—See *Steadman* v. *Holman*, 33 Miss. R. 550.