### BELLE GRIFFIN et al. vs. RAGAN & DICKEY.

1. MARRIED WOMEN: *Separate estate. Contract. Judgment.*
A judgment against a married woman is void. A judgment, being in the nature of a contract, and the contracts of married women, generally, being void, a married woman may make certain contracts, for which her seperate estate is responsible, and suits to enforce such liabilities are special proceedings directed against the separate estate. Her contracts are statutory, and, to establish a right to the special judgment against her property, it must appear of record that the creditor brings his case within the statute; otherwise it falls within the condemnation of the common law.

APPEAL from the Chancery Court of *Chickasaw* County. Hon. W. D. FRAZEE, Chancellor.

The facts of this case are sufficiently set out in the opinion of the court.

The error assigned is the dissolving of the injunction on defendants' motion.

*W. J. Lacey,* for appellant:

A sale under a judgment rendered against husband and wife on a note made by them during marriage is void. 25 Miss., 22 ; 33 Miss., 550. A married woman can only be sued at law on such contracts as the statute enables her to make. 7 S. & M., 64, 68, 83, 84 ; 9 S. & M., 435 ; 33 Miss., 550. She can only bind her income for the debts of her husband. 44 Miss., 432, 433, 434 ; ib. 457 ; 47 Miss., 170, 675 ; 48 Miss., 706 ; 49 Miss., 709. None of the *forms of law,* in making the contract set forth in the bill, have been complied with. Code, 1871, § 1778, p. 376.

A married woman must not only be the owner of separate property, but the pleading must show that her promise was in reference to a subject about which she could contract. 45 Miss., 132, 133 ; 43 Miss., 61, 685 ; 41 Miss., 114 ; 46 Miss., 304. A judgment against a married woman is a judgment *in rem.* 46 Miss., 618 ; Code of 1871, § 1783. A judgment by default cannot be taken against a married woman. 46 Miss., 618 ; Code, 1871, § 1783. A judgment void for want of jurisdiction over the person or thing may be attacked collaterally. 6 How. (Miss.), 106 ; 8 S. & M., 505 ; 10 S. & M., 295 ; 34 Miss., 68.

*J. N. Carlisle,* for appellees :

Appellant had her day in a court of law where the remedy was full and complete. The defense should have been made there ; she was not prevented after a judgment at law ; she has no right to come into equity unless for some reason which prevented her defense at law, without negligence on her part, even though the contract upon which the judgment was founded was against *public policy,* contrary to express statute, and in violation of the constitution of the state. Thomas *v.* Phillips, 4 S. & M., 358 ; Montgomery *v.* Griffin, Walker, 453 ; Pickett *v.* McDonald, 6 How., 269 ; Nevett *v.* Gillespie, 1 How., 108 ;

Green *v.* Robertson, 5 How., 80; McRaven *v.* Forbes, 6 How., 569; Yeizer *v.* Bushe, 3 S. & M., 439; Nevett *v.* Hamer, 5 S. & M., 145.   These authorites announced the doctrine that an injunction will not be granted against the collection of a judgment at law for any matter which might have been used as a defense at law, if it were known to defendant at the trial or might have been known by the use of reasonable diligence.

SIMRALL, C. J., delivered the opinion of the court.

Ragan & Dickey recovered judgment before a justice of the peace against A. A. Griffin for $154.33, besides costs of suit.   In payment of this judgment Belle Griffin joined with her husband, A. A. Griffin, in an order or inland bill of exchange drawn on one J. M. Scott, who accepted it.   The payees, Ragan & Dickey, sued the drawers and the acceptor on the paper, and recovered judgment by *nil dicit.*

The sheriff levied an execution, issued on the judgment, on the property of Belle Griffin.   The original indebtedness was exclusively personal to her husband, with which she had no concern.   She joined in the order with him as his surety.

On these facts she obtained an injunction and prayed that it might be made perpetual, and the judgment be declared for naught as to her.

On motion of Ragan & Dickey, the defendants, the injunction was dissolved, and from that order this appeal was taken.

The authorities are not agreed as to whether a judgment against a married woman is void or not.   The courts of Pennsylvania have held in several cases that her bond is void, a judgment entered on her bond with a warrant of attorney is void, and that a sale thereunder would not pass a title.   Dorrance *v.* Scott, 3 Whart., 309; Caldwell *v.* Walters, 18 Penn. St., 79; Graham *v.* Long, 65 Penn. St., 383.   The same rule prevails in Maryland: Griffith *v.* Clark, 18 Md., 457; In Massachusetts: Morse *v.* Tappan, 3 Gray, 411; In Missouri: Higgins *v.* Peltzer, 49 Mo., 152.

In the first of the cases last cited the debt was manifested

by the promissory note of the *feme covert.* In the second, the judgment was on an agreed state of facts. SHAW, C. J., said : " It was as if she had entered into bond, to which she might have pleaded *non est factum,* and sustained it by proof of coverture. A judgment is in the nature of a contract; it is a specialty and creates a debt, but to have that effect it must be taken against one capable of creating a debt." The reasoning in Griffith *v.* Clark, *supra,* is that the judgment is as complete a nullity as the note on which it is founded, and the idea is repudiated that, because the coverture was not pleaded, it does not apply in a case where the defendant is a *feme covert,* and not *sui juris.* It is said she is not competent to employ an attorney. The judgment being void, the remedy is, in equity, to enjoin it. See, also, Watkins *v.* Alvanes et ux., 24 N. Y., 72. Our decisions sustain these views.

In Steadman *v.* Holman, 33 Miss., 551, one question was as to the validity of the judgment and of the sale under it. The court say that if it was founded on contract of husband and wife, made during coverture, the judgment would be invalid and the title would not pass. Harvy *v.* Edington, 25 Miss., 23.

The reason which lies at the foundation of these cases is that the contract of the wife is void ; that the judgment is a species of, or in the nature of, a contract, but of a higher dignity ; that the married woman cannot employ, appear by, or make defense by an attorney.

Nor is this case relieved from this predicament by statute. She may make certain contracts, for which her estate is responsible, and suits to enforce such liabilities are special proceedings, directed against the separate estate. It becomes necessary, therefore, to aver and prove a statutory contract to establish a right to the special judgment against her property. It must appear of record that the creditor states or brings his case within the statute ; otherwise, the contract falls under the condemnation of the common law.

That is the uniform testimony of our adjudications.

The disability of coverture has only been partially removed.

6

It is in all cases incumbent on a creditor, asserting a legal demand against a married woman, to show the special circumstances out of which it arises.

In this case the bill states a case which the statute does not protect, but which the common law pronounces void.

On the case stated, Mrs. Griffin is entitled to relief.

It was error, therefore, to have dissolved the injunction.

The order of the chancellor, sustaining the motion and dissolving the injunction, is reversed, and judgment here overruling the motion.