MARTHA L. MAGRUDER AND HUSBAND *v.* C. E. BUCK,
SHERIFF, ETC.

1. MARRIED WOMAN. *Judgment. Record.*
   A judgment against a married woman upon her contract, where the record
   does not show a state of case in which she is authorized to contract, is void
   absolutely.

2. SAME. *Doing business as feme sole. Declaration against. Void judgment.*
   J. M. sued M. M., who was a married woman, upon a contract of lease, and
   recovered a judgment against her. The declaration described the defendant
   as "doing business as a *feme sole*," but did not aver that she was "engaged
   in trade or business as a *feme sole*" when the contract was made, or that it
   was "made in the course of such trade or business;" and it contained no
   statement of facts from which it could be inferred that such was the case.
   There was nothing in the judgment to aid the declaration. *Held*, that the
   judgment is void.

ERROR to the Circuit Court of Claiborne County.

Hon. J. B. CHRISMAN, Judge.

Mrs. Montgomery sued Mrs. Magruder, who was a married
woman, upon a contract of lease, and recovered a judgment
against her for the rent of a plantation. An execution was
issued upon the judgment, and levied by the sheriff, C. E. Buck,
upon certain personal property belonging to Mrs. Magruder.
Thereupon Mrs. Magruder, with whom her husband joined for
conformity, brought this action of replevin to recover from the
sheriff the property seized by him. A judgment was rendered
for the defendant, and the plaintiffs sued out a writ of error.
The other material facts of the case are stated in the opinion
of the court.

*J. D. Vertner*, for the plaintiffs in error.

The fact that a married woman is doing business as a *feme
sole* only renders her liable on such contracts as she may make
in pursuance of the business in which she is engaged as a
*feme sole*. Code 1871, sect. 1780. To fix her liability, the
pleadings against her should show a contract for which she is
bound under the statute. *Dunbar* v. *Meyer*, 43 Miss. 685;
*Choppin* v. *Hannon*, 46 Miss. 305; *Bank* v. *Williams*, 46 Miss.

618. A judgment against a married woman is void unless the record affirmatively shows a contract upon which she is liable. *Bank* v. *Williams*, 46 Miss. 632 ; *Elliot* v. *Piersol*, 1 Pet. 328 ; *Cary* v. *Dixon*, 51 Miss. 598.

*A. J. Lewis*, for the defendant in error.

A married woman may engage as a *feme sole* in any " employment which requires time, labor, or skill." *Netterville* v. *Barber*, 52 Miss. 171. The allegations of the declaration against Mrs. Magruder were sufficient to give the court jurisdiction.

A mistake of law or fact in the judgment of a court of competent jurisdiction cannot be corrected by an original proceeding. 5 How. 737 ; 41 Miss. 562 ; 51 Miss. 209. Such judgments cannot be attacked collaterally. Freem. on Judg. 132 ; 1 How. 450 ; 5 Smed. & M. 142 ; 51 Miss. 210 ; 10 Pet. 478 ; 20 Johns. 471.

*E. S. Drake*, on the same side, filed a brief fully discussing the points in the case.

CAMPBELL, J., delivered the opinion of the court.

The judgment against Mrs. Magruder, on which was issued the execution by virtue of which Buck, as sheriff, seized the property sued for in this action, was void, because it does not appear from the record of it to have been in a state of case in which she, being a married woman, could lawfully contract. *Griffin et al.* v. *Ragan et al.*, 52 Miss. 78.

The judgment being void, the execution to enforce it does not entitle the sheriff to hold the property seized by virtue of it, against the writ of replevin sued out by Mrs. Magruder.

The ground on which the judgment mentioned is pronounced void is, that the declaration on which it was rendered, while describing Mrs. Magruder as "doing business as a *feme sole*" when the declaration was filed, does not aver that she was " engaged in trade or business as a *feme sole* " when the contract declared on was made, or that it was " made in the course of such trade or business ;" nor is there any statement of facts

from which it can be inferred that such was the case ; nor is there in the judgment any thing to aid the declaration.

The contract described in said declaration is not one which married women generally are empowered to make, and the declaration does not show that the married woman declared against was engaged " in trade or business as a *feme sole*" when the contract was made, or that, if she was, it was " made in course of such trade or business," and the judgment is by default.

Judgment reversed and new trial awarded.