## B. A. DUNCAN v. B. F. ROBERTSON.

1. MARRIED WOMAN. *Judgment against. Sale thereunder.*

   If the record in a suit against a married woman fails to show that she has separate property, or the circumstances which bind it, a sale, under a judgment *nil dicit*, passes no title to her land.

2. SAME. *Purchaser at sale. Bill to prevent cloud.*

   Her husband, who purchases at such sale, cannot maintain a bill to enjoin a sale under another judgment against his wife upon the ground that it is void.

3. CHANCERY PRACTICE. *Remitting parties to legal remedies.*

   If the validity of the judgment sought to be enjoined is doubtful, the bill should be dismissed without prejudice to the legal rights of the parties.

APPEAL from the Chancery Court of Clay County.

Hon. L. BRAME, Chancellor, did not preside in this case, but GEORGE A. EVANS acted as Chancellor *pro hac vice.*

*White & Bradshaw,* for the appellant.

The appellee's judgment against the married woman is void, and the sale thereunder would cast a cloud on the appellant's title. Code 1871, § 1783; *Hardin* v. *Phelan,* 41 Miss. 112; *Whitworth* v. *Carter,* 43 Miss. 61; *Pollen* v. *James,* 45 Miss. 129; *Choppin* v. *Harmon,* 46 Miss. 304; *Bank of Louisiana* v. *Williams,* 46 Miss. 618; *Cary* v. *Dixon,* 51 Miss. 593; *Griffin* v. *Ragan,* 52 Miss. 78; *Travis* v. *Willis,* 55 Miss. 557. The appellant shows that he is and has been in possession of the land for a number of years; that he has paid the judgment creditor of Mrs. Duncan; that she has acquiesced in the payment; and that she, as well as her creditors, is now estopped to assert the invalidity of Sykes's judgment. *Shivers* v. *Simmons,* 54 Miss. 520. The bill is maintainable. *Money* v. *Jorden,* 11 Eng. L. & Eq. 182. Courts will protect a copyright when there is color of title, founded on long possession. Hilliard on Injunctions, p. 392, art. 6; 2 Story Eq. Jur. § 935. The appellant's title is sufficient. *Norton* v. *Beaver,* 5 Ohio, 178; *Christie* v. *Hale,* 46 Ill. 117; High on Injunctions, § 269; *Key City Gas Light Co.* v. *Munsell,* 19 Iowa, 305; Hilliard on Injunctions, 550; 2 Story Eq. Jur., § 953;

*Dyer* v. *Armstrong*, 5 Ind. 437; *Watson* v. *Sutherland*, 5 Wall. 74; Herman on Executions, § 399; *Gates* v. *Watson*, 54 Mo. 585; *Bennett* v. *McFadden*, 61 Ill. 334.

*Fred Beall*, for the appellee.

There can be no doubt that Sykes's judgment is void as to Mrs. Duncan. *Hardin* v. *Phelan*, 41 Miss. 112; *Dunbar* v. *Meyer*, 43 Miss. 679; *Choppin* v. *Harmon*, 46 Miss. 304; *Bank of Louisiana* v. *Williams*, 46 Miss. 618; *Griffin* v. *Ragan*, 52 Miss. 78; *Willis* v. *Gattman*, 53 Miss. 721. The judgment of Robertson against Mrs. Duncan is good in form and substance. *Maclin* v. *Bloom*, 54 Miss. 365. The Chancellor's decision, remitting the parties to their remedies at law, is proper, even if the latter judgment is invalid.

CHALMERS, J., delivered the opinion of the court.

Mr. Duncan filed his bill, to enjoin the sale of a tract of land under an execution emanating from a judgment against his wife in favor of Robertson, the defendant. He alleged that the land belonged to him, and not to his wife, and that the judgment against the wife was void, but that a sale and conveyance of the land under it would cast a cloud upon his title. The proof developed the fact that his own title was void. The land originally belonged to the wife, and the husband derived title through an execution sale, based upon a judgment recovered against the wife by one Sykes. In the suit which culminated in this judgment, Mrs. Duncan, though shown by the pleadings to be a married woman, was proceeded against in all respects as if a *feme sole*, or person *sui juris*. There were no allegations of the ownership by her of separate property, or of the exceptional circumstances which make the contracts of a *feme covert* binding upon her separate estate. The judgment was by *nil dicit*. Under the well-settled doctrines of this court, a sale under such a judgment does not pass the title of the property of a married woman. *Griffin* v. *Ragan*, 52 Miss. 78; *Magruder* v. *Buck*, 56 Miss. 314.

The complainant therefore is shown to have no title; and, as he who invokes the aid of a court of chancery to remove or to prevent the creation of a cloud upon title must show a perfect legal or equitable title in himself, the complainant's bill

was properly dismissed. As there was some doubt as to the validity of the judgment against the wife held by Robertson, a sale under which was by this bill sought to be enjoined, the Chancellor dismissed the complainant's bill without prejudice to the legal rights of either party, leaving them to test hereafter in a court of law the strength of their respective titles if a sale shall be had under Robertson's judgment. We approve and affirm this decree.                              *So ordered.*