# April Term, 1853.

---

## TERESA SNYDER, Appellant, v. ADELIA WEBB, Respondent.

The Practice Act gives to a married woman the right to sue without her husband, where the action concerns her separate estate.

Under the act, property owned by the wife before marriage, and that acquired afterwards by gift, bequest, devise, or descent, shall be her separate property.

The rents and profits of the separate property are declared to be common property.

The act governs if there be no marriage contract containing stipulations contrary thereto.

The act confers on the parties, before marriage, an unlimited right to make whatever stipulations they may agree upon in respect to property, and this is not confined to property *in esse*, but contemplates property to be acquired, and the rents and profits of the present estate.

Our statute does not dispense with the interposition of trustees to protect the wife, except with respect to the property specified in the act. In all other respects the common law remains unaltered, and the wife may resort to trustees for all purposes of security.

If the husband should take the rents and profits of her estate, he will he held to account for her benefit, to the same extent as if he had undertaken a specific trust.

The law which deprives a married woman of the right to make contracts is not altered by the statute, unless in respect of the property specified by it, and she cannot bring suit in her own name upon a contract which she was not authorized by the statute to make.

APPEAL from the Fourth Judicial District.

The plaintiff's complaint sets forth, that on the 4th of August, 1851, defendant leased from plaintiff certain premises (described in the lease, which is set out under the hands and seals of plaintiff and defendant), for the term of one month, with the privilege of occupying the same for the further term of three months thereafter, at the rate of $450, payable monthly, in advance,

which privilege she availed herself of, and continued in the occupation thereof, and claims $450 from the 4th of September, 1851, to the 4th of October, 1851.

Other matters were claimed by the plaintiff, which are not material to the case, as considered by this court.

The defendant answered, that before, and at the time of the commencement of this suit, the said plaintiff was, and still is married to one Snyder, then, and yet, her husband, who is still living in the said city and county, and cohabiting with said plaintiff, and denies that she (defendant) elected to continue in the occupation of the premises under the privilege, &c., and that plaintiff entered upon, and ejected her about the 4th of September, and denies indebtedness, &c.

March 4th, a nonsuit was ordered by the court, and judgment for defendant for costs, from which plaintiff appealed.

The cause was tried by the court, without a jury. The plaintiff on the trial admitted the truth of the plea of coverture, gave in evidence the said lease, and then a marriage contract between her and Henry M. Snyder, her present husband, which is set out, made the 26th of February, 1851, and states that the said Teresa is seised and possessed of certain real and personal estate in her own right (described in a schedule annexed), that a marriage is about to be solemnized between the said Henry and the said Teresa, and that in consideration thereof it is mutually agreed between the parties, that all property, of every description, which shall be acquired by either of the said parties after the said marriage, whether by gift, bequest, devise, descent, purchase, or otherwise, shall be and remain the separate property of the party so acquiring the same. That the party of the first part shall have no management or control of the separate property of the said Teresa, but the exclusive management and control thereof, whether now held or hereafter acquired by her, with absolute power of disposing of the same as she should see fit, should be and remain in her during the said marriage, and also the rents, profits, interest on moneys, &c., arising from the separate property of either party, shall not be deemed common property, but that all such rents, &c., arising from the separate property of the said Teresa, or acquired by her, shall be and

remain under her entire management and control, power, and disposal, during the said marriage, &c.

Plaintiff then offered a lease from Palmer, Cooke & Co., to her, for the premises in question, the execution of which was admitted by defendant, but objected to the paper as irrelevant, which the court sustained and plaintiff excepted.

The lease is dated 1st of July, 1851, between Palmer, Cooke & Co., and Mrs. Teresa Snyder, and signed and sealed by them.

The court below held, that as there was no evidence that the subject-matter of the action was the separate property of the plaintiff, the fact of the defendant having covenanted with the plaintiff does not raise a presumption that the contract was in reference to her separate property, and inclined to the opinion that she should have shown a right to sue, in her complaint, by an averment that she was a married woman, and that the action related to her separate property. That, at all events, she is bound to prove affirmatively, that the suit relates to her separate property, and there being no such proof, judgment of nonsuit was ordered as above stated.

*Charles E. Mount,* for appellant.

The marriage contract shows that plaintiff, as to her property, was to be regarded as a *feme sole,* and this as to after-acquired property, and that she was to have the rents, profits, &c., that should arise therefrom.

She took the lease of Palmer & Cooke as separate property; it is to her, her heirs and assigns.

The defendant is estopped by her lease from denial of plaintiff's title, and her right to sue, unless she has shown interest in the husband.

A married woman may sue alone where the action concerns her separate property. Prac. Act, sect. 7, p. 52; 2 Cal. Rep. 63.

*M' Cracken* and *Brooks,* for respondents.

The ante-nuptial agreement shows that the property in question was not the plaintiff's separate property, and that instrument gives her the control and rents of her separate property, acquired after marriage as well as that held at the time; but it gives her no right to make or take leases, to contract under seal,

or otherwise, nor to acquire property in any other way than that pointed out by law.

The right of plaintiff to sue depends on the 7th sec. of the Practice Act, which gives her the right to sue without her husband where the action concerns her separate property.

The act makes the separate property of the wife to consist of property held before marriage, and that acquired after by *gift, bequest, devise,* or *descent.* The premises come under neither of these heads, and section 2 of the same act, declares that all property acquired after the marriage, or otherwise, shall be common property.

The parties cannot by their agreement alter their rights as fixed by the statute. Their contract can only reach *things* real or personal, *in esse.* Their rights as husband and wife are fixed by the law, and the law cannot be repealed by contract. And the common law, where it is not altered by the statute, remains in force. Her deed is a mere nullity. Chit. on Cont. 150; Walker, 322.; 3 Wheat. 309; 6 Alaba. 737; 3 Humph. 80; 1 N. & M. 33; 7 Mass. 254; 12 Pet. 345.

She cannot contract; and the powers granted are to be limited to the strict meaning of the terms creating the estate. 4 Ves. 375.

The lease, if of any force, vested instanter in the husband. 5 Shep. 301; 17 Pick. 391; 5 Met. 320; 15 Cow. 587; 8 Mass. 229.

Sect. 9 of the statute, gives the rents of common property to the control and disposition of the husband. They are his absolutely at common law. 17 Vin. 626; 2 Smedes & Marsh, 165. Could be taken by his creditors and go to his executors.

We are not estopped by the lease, which we say is void. 3 J. E. 101; 3 Bart. 634.

The law does not in any case allow a married woman to sue without a *prochein ami.* 6 How. 53, 233, 396.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Our Practice Act gives to a married woman the right to sue without her husband where the action concerns her separate property.

Under the acts defining the rights of husband and wife, the

property of " the wife owned by her before marriage, and that acquired afterwards by gift, bequest, demise, or descent, shall be her separate property."

The rents and profits of her separate property are declared to be common property.

The 14th section of the act provides, " In every marriage hereafter contracted in this State, the rights of husband and wife shall be governed by this act, unless there is a marriage contract containing stipulations contrary thereto."

The record discloses that there was a marriage contract between the plaintiff and her husband, by which, notwithstanding the marriage, she was to have the entire management of her separate estate, that its rents and profits were also to be a part of her separate estate, as was also to be all property acquired by her after marriage, whether by purchase or otherwise.

It is now urged that the statute is in derogation of the common law, and must be strictly construed. That it confers no power on the wife to make contracts, and, therefore, she took nothing by her purchase from Palmer, Cooke & Co., or it enured to the benefit of her husband.

The 14th section of the act before cited, certainly confers upon parties an unlimited right to make before marriage what-. ever stipulations they may agree upon, in respect to property; and it is not confined to property *in esse,* because, as many of the provisions of the act refer to property to be acquired, and to the rents or profits of the present estate, it follows that it must contemplate a departure from these provisions by express contract, as well as from any other.

At common law the separate estate of a married woman was usually, if not always, created by the interposition of a trustee; and the trustee had power, either by the terms of the covenant, or under the direction of the Court of Chancery, to invest all money arising from the rents and profits of the trust estate, when no other application of it was more beneficial to the wife.

In such cases, the rents and profits are always treated as part of the separate estate; and we see no reason why that which was the rule at common law, should not be allowed as a proper stipulation in a marriage contract under our statute.

But the question arises, is the law altered which deprives a married woman of the right to make contracts?

This is a question involving some embarrassment, and I have given it much deliberation. My first conclusion was that in dealing with separate estates, our statute intended to abolish altogether the formality of interposing trustees, but by giving it the strict construction which is required by the rules of law, I am now satisfied that such interposition is only rendered unnecessary in respect to the property specified by the act. In all other respects the common law remains unaltered. The wife is not given the power to make contracts, nor is such power necessary for the preservation of any portion of what is, or what may become, her separate estate. She may still resort to the use of a trustee for all purposes of security; or, if her husband should purchase or invest, with the rents and profits of her estate, he will be held to account for her benefit, in the same manner, and to the same extent, as if he had undertaken a specific trust.

It follows, from this view of the question, that the plaintiff had no authority to enter into the contract declared upon with the defendant, so as to entitle her to bring suit in her own name, and the judgment must be affirmed, with costs.