## KAYS v. PHELAN.

*Van Maren* v. *Johnson*, (15 Cal. 308) that in an action by the wife for money which, when recovered, will be her separate property subject to the management and control of her husband, he may, but need not necessarily, be joined with her as plaintiff, affirmed.

Where a complaint alleges that the plaintiff, a married woman, signed and delivered to the defendant a deed of conveyance of premises which were her separate estate, it will be presumed, on demurrer, that the conveyance was so executed as to pass that estate, and the objection that the complaint does not allege that the husband united with her in the execution of the deed, or that she did not acknowledge its execution separately as required by statute, must be taken by answer and not by demurrer.

Where the wife executed and delivered to defendant a deed of her separate property in consideration of his promise to pay her five hundred dollars, and sues for the money, alleging that it has not been paid, and that she has never consented orally or in writing that her husband might receive or use it: *Held*, that although his nonjoinder as plaintiff is not ground of demurrer, still if the money has been paid to him, that fact may constitute a defense to the action.

APPEAL from the Second District.

Suit for five hundred dollars as the purchase money of land. The case is stated in the opinion of the Court. Plaintiff appeals.

*Eugene Lies*, for Appellant.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The complaint alleges that the plaintiff intermarried with her present husband in 1847 ; that during her marriage and in the year 1857, she acquired by gift a separate estate in the premises described ; that in January, 1860, in consideration of the promise of the defendant to pay her five hundred dollars, she was induced to sign and deliver a deed of conveyance of the premises to him ; that no part of this amount has been paid, and that she has never given her consent orally or in writing that her husband might receive or use the money. To this complaint a demurrer was interposed for alleged defect of parties in not uniting the husband of the plaintiff as a coplaintiff with her, and for alleged insufficiency of the facts

stated to constitute a cause of action against the defendant.    The Court sustained the demurrer, and ordered the suit to be dismissed, and it is from the judgment entered upon this ruling that the appeal is taken.

It was not essential that the husband should be joined as a party plaintiff.   The money for which the action is brought will constitute, if recovered, the separate property of the wife equally with the premises for the deed of which it was promised.   The husband might have been joined, for the control and management of the money will devolve upon him under the statute.   He will be entitled to take immediate possession of the same, and for that reason he would have been a proper party.   (*Van Maren* v. *Johnson*, 15 Cal. 311).   But still, under the statute, the suit can be prosecuted in the individual name of the wife.   (Prac. Act, sec. 7.)   As we said in the case cited, where the action concerns her separate property, and is not between herself and husband, she may seek the aid of the Court in company with him or without him.   If the money in the present case has been paid over to the husband, that fact may constitute a defense to the action, but his nonjoinder is not a ground of demurrer.

The complaint, though defectively drawn, shows a sufficient cause of action.   If the husband of the plaintiff did not unite with her in the execution of the deed, or if she did not acknowledge its execution separately, as required by statute, these facts may be shown by the defendant, and may possibly constitute a defense to the action.   Upon the allegations of the complaint the deed must be presumed to have been such as passed the estate of the plaintiff in the premises.

The judgment must be reversed, with leave to the defendant to file an answer within ten days after the remittitur from this Court is filed in the Court below ; and it is so ordered.