FANNY G. FRISBIE, Respondent, v. LEVI H. WHITNEY et al., Appellants.

## No. 1827; September 9, 1868.

**Ejectment.—On Appeal from a Judgment in an Action Involving** title to land, where at the trial two patents were admitted in evidence and the deed to the plaintiff, and no motion was made to exclude the patents as not embracing land described in the deed, it is presumed, if there are no findings of fact and the record contains neither of the patents, that a part of the land so described was included in one of the patents and the rest of it in the other.

**Husband and Wife.—A Married Woman may Sue Without Her Husband** joining as a plaintiff, in an action concerning her separate property.

APPEAL from Seventh Judicial District, Napa County.

Action of ejectment.

Patterson, Wallace & Stow for respondent; M. A. Wheaton for appellants.

CROCKETT, J.—The main point relied upon for a reversal of the judgment is, that there was no proof that the land occupied by the defendants was included as well in the patents to Frisbie as also in the deed from him to the plaintiff. The case shows that two patents were put in evidence, only one of which was objected to; and the objection was, that the parties had not connected themselves with the Vallejo title. The objection was properly overruled and both patents were read in evidence, without further exception. The deed to the plaintiff was objected to, on the sole ground that the signature was not proved. The proper proof was then made and the deed admitted. A witness was then called, who examined one of the patents and the deed, and who testified that the boundaries described in this patent includes a portion of the land described in the deed, and that the defendants occupied a portion of the land included in the deed. Neither of the patents is found in the record, and there were no findings of fact; under these circumstances, the presumption is that one of the patents included a portion of the land described in the deed, and the other, the remainder. There was no motion to exclude either of the patents, on the ground that it did not embrace any portion of the land described in the deed. No such point was made on the trial, and it is too late to raise it for the first time here. It is also insisted that the plaintiff, being a married woman, cannot maintain the action, without uniting her husband in it. But this proposition is answered by section 7 of the Practice Act, which allows a married woman to sue alone, "when the action concerns her separate property": Snyder v. Webb, 3 Cal. 83; Kays v. Phelan, 19 Cal. 128. There is no other point worthy of discussion, and we cannot but regard the appeal as frivolous.

Judgment affirmed and remittitur ordered to issue forthwith.

We concur: Sawyer, C. J.; Rhodes, J.; Sanderson, J.; Sprague, J.