# HASS *v.* SEDLAK.

### PRACTICE—SERVICE OF SUMMONS.

In 1867, R. and wife mortgaged the real estate of the wife, to secure the payment of a promissory note. In 1868, a suit to foreclose the mortgage was commenced in the circuit court for Multnomah county; service of summons was made upon the wife, and upon R., by delivering a copy to the wife of said R., a white person, over the age of 14 years, at his usual place of abode. R. and wife made default, and a decree was entered, under which the property was sold and ultimately conveyed to defendant. In 1879, R. and wife, by a quit-claim deed, conveyed the property to B., and B. to the plaintiff. After the conveyance to B. the sheriff's certificate of service upon R. was amended. *Held:*

1. That the record must affirmatively show that R. could not be found, to authorize the substituted service; that service upon the wife alone was a nullity.

2. That if the defendant would take advantage of the form of conveyance to B. by quit-claim deed, to affect B. with notice of outstanding equities, if any, in favor of the defendant, he must resort to a court of equity.

3. That the amendment of the sheriff's certificate could not affect rights previously vested in B.

APPEAL from Multnomah. The facts are stated in the opinion.

*O. P. Mason, and Shattuck & Killin,* for appellant.

The property in controversy being the separate property of Mary Jane Rickards, her husband had no interest in it, and he was not a necessary party to the suit. (*Ackley* v. *Tarbox,* 29 Barb., 512; *Newberry* v. *Garland,* 31 Barb., 121; *Boal* v. *Marques,* 46 Mo., 48; Bishop on Married Women, sections 824, 1828, 839.)

The case of *Kennard* v. *Saxe,* 3 Or., 263, recognizes the same principle. The plaintiff could proceed against the parties served.

Unless the return clearly contradicts the recital in the decree, the decree will be presumed regular. (*State* v. *Ger-*

*rand*, 5 Or., 226; *Strong* v. *Barnhart*, 6 Or., 93; *Arrington* v. *Liscom*, 34 Cal., 390; *Quivey* v. *Porter*, 37 Cal., 463.)

Respondent is not a *bona fide* purchaser in good faith, because he claims under a quit-claim deed, and there is no evidence of good faith other than the deed. (*Rodgers* v. *Burchard*, 7 Am. Rep., 283; *Marshall* v. *Roberts*, 10 Am. Rep., 201; *Dorris* v. *Smith*, 7 Or., 267; Washb. on Real Property, 357.)

*W. S. Beebe*, for respondent.

Appellant claims title under the foreclosure proceedings in the case of *Carney* v. *Rickards, et al.* The record in that case shows, that Mary Jane Rickards was a married woman, and that her husband, William Rickards, was not joined with her in the suit. He was named in the complaint and summons with her, but was not served with process, and therefore not a party. (*Craft, et al.*, v. *Tuttle*, 37 Ind., 333; *Donnelly* v. *Graham*, 77 Penn. St., 274; *McArthur* v. *Franklin*, 15 Ohio St., 493.)

The wife was sued alone, which could not be done at common law, or under our statute. (Code, 110, sec. 30; *Swayne* v. *Lyon*, 67 Penn. St., 439; *Cowing* v. *Manly*, 49 N. Y., 193; *Parish* v. *Eager*, 15 Wis., 594; 2 Kent's Com., 161; Code, sec. 5, p. 663.)

An attempted service upon the husband, by delivering the process to the wife for him, cannot be construed into a service upon her. *Helms, et al.*, v. *Chadbourne*, 45 Wis., 60; *Bugbee* v. *Thompson*, 41 N. H., 183.)

By the Court, WALDO, J.:

This is an action of ejectment for lot 9, in block B, in Caruthers' addition to Caruthers' addition to the city of Portland. This lot, on the 9th day of September, 1867, was the property of Mary Jane Rickards, a married woman, and on that day was mortgaged by her and her husband, William Rickards, to secure the payment of a promissory note. On the 14th day of November, 1868, while Mary Jane Rickards

was still a married woman, the mortgage was foreclosed, and the defendant in this suit deraigns title through mesne conveyances from the purchaser at the foreclosure sale. The plaintiff deraigns title from said Mary Jane and William Rickards, through a deed from them to W. S. Beebe, dated May 13, 1879, and a deed from said Beebe to the plaintiff.

The plaintiff's title rests upon the invalidity of the decree of foreclosure to divest the title of Mary Jane Rickards. The suit to foreclose the mortgage was entitled as against William Rickards and Mary Jane Rickards, but no process was served upon the husband, unless the certificate of the sheriff that he served a copy of the summons on William Rickards, " by delivering a copy thereof to Mary Jane Rickards, wife of the said William Rickards, a white person, over the age of fourteen years, at his usual place of abode," be deemed a service.

*Sullivan* v. *Settlemier*, 97 U. S., 444, is an authoritative decision on the question. It was held in that case, as the law had been affirmed in an earlier case in this court (*Trullinger* v. *Todd*, 5 Or., 86), that such a certificate of service was a nullity. It follows that no service of process was had upon the husband, and that in legal effect the wife was sued alone. (*C. S. M. Co.* v. *Water Co.*, 1 Sawyer, 170.)

According to the common law, service of process upon the wife, without the husband, had no legal validity; for, in contemplation of law, she had no legal individual personality. Her person was legally merged in that of her husband. Hence she could not be sued alone, for this would imply a legal existence separate from her husband, and for the further reason that she had no power to employ an attorney to appear for her.

The authority of an attorney rests upon contract, and cannot be conferred by a party incapable of making a contract. This unity of person was represented by the husband, who had to be joined in all civil actions in which the wife was a party, and who had power to employ an attorney for both. Where the fact of coverture was shown on the face of the

record, service upon the wife alone was necessarily void. (Bigelow on Estoppel [2d ed.], 47, and authorities cited; *Higgins* v. *Peltzer*, 49 Mo., 152; *Kowing* v. *Manly*, 49 N. Y., 201; *Norton* v. *Meader*, 4 Sawyer, 603; *Griffin* v. *Ragan*, 52 Miss., 78.)

No service, then, having been made on the husband, in the suit in which the decree of foreclosure was pronounced, the court acquired no jurisdiction over the person of the wife, or to decree the foreclosure of the mortgage, unless there is something in the law of the state changing the rule of the common law.

In 1868, when the proceedings were had, there had been no change in the law, except that by the constitution of the state, exempting certain property of the wife from being subjected to the debts or contracts of the husband, and by section 30 of the civil code, providing that where a married woman is a party her husband shall be joined with her, except that:

1. When the action concerns her separate property, she may sue alone.

2. When the action is between herself and her husband, she may sue or be sued alone; and in no case need she prosecute or defend by a guardian or next of kin.

Thus, while her rights of property were enlarged, disabilities of coverture largely continued. The wife could not be sued alone in any case, except the action was between herself and her husband. Her power to dispose of her real estate was not enlarged. Her sole deed was still absolutely void. Neither the constitution nor the statute gave her power expressly to contract, and such power as she may have had resulted as a consequence of the rights conferred. These rights were given her for her security and protection, and did not extend to the making of the mortgage in question, or the proceeding to foreclose it. As to this transaction the legal unity of husband and wife was not dissolved, nor her power to contract enlarged. (*Pitman* v. *Pitman*, 4 Or., 298; *Frary* v. *Wheeler*, 4 Or., 190; *Snyder* v. *Webb*, 3 Cal., 83; *Reese* v.

*Cochrane*, 10 Ind., 195; *Tillinghast* v. *Holbrook*, 7 R. I., 244; *Defries* v. *Conklin*, 22 Mich., 259.)

It follows that the rule that she could not be sued alone, reaffirmed by the statute, as well as much, at least, of the reason of it, remained in full force. Hence the decree entered against her in the foreclosure suit was void.

The appellant also claims that the plaintiff is not a *bona fide* purchaser, because his title is evidenced by a quit-claim deed. That is, that a purchaser by a quit-claim deed takes with notice of outstanding equities—a question for a court of equity, not of law. (*Mann* v. *Bert*, 62 Mo., 491.)

The amendment of the return having been made after the acquisition of title by the plaintiff's grantor, cannot affect the plaintiff's right to recover. (*Ohio Life Ins. Co.* v. *Urbana Ins. Co.*, 13 Ohio, 227; *Glidden* v. *Philbrick*, 56 Maine, 222.)

Judgment affirmed.