[No. 14163.　Department One. — November 5, 1891.]

## CATHERINE BANBURY, RESPONDENT, v. DELOS ARNOLD, APPELLANT.

APPEAL — DEMURRER OVERRULED BY CONSENT — COMPLAINT INHERENTLY DEFECTIVE — ESTOPPEL. — The fact that the appellant's demurrer was overruled by consent does not preclude him from attacking the judgment upon appeal upon the ground that it rests upon a complaint inherently defective.

VENDOR AND PURCHASER — CONTRACT OF SALE — SPECIFIC PERFORMANCE — MUTUALITY OF OBLIGATION. — Specific performance of a contract for the sale of lands will not be decreed when the party asking its enforcement cannot be compelled to perform it on his part.

ID. — UNACKNOWLEDGED CONTRACT OF MARRIED WOMAN — EXECUTION — VOID CONTRACT — CONSIDERATION — NUDUM PACTUM. — An unacknowledged executory contract of a married woman for the sale of her separate real estate is not enforceable against her, and cannot be specifically enforced by her against the vendee. Her acknowledgment of such a contract is an essential part of its execution. And the consideration which actuated the vendee, consisting of her promise to convey the land, having failed through her non-execution of the contract, it is absolutely void, and not voidable at plaintiff's option, and is a *nudum pactum* for all purposes.

ID. — TIME ESSENCE OF CONTRACT OF PURCHASE — DELAY OF VENDOR — TENDER — DEMAND — SPECIFIC PERFORMANCE. — Under a contract for the sale of land, making time of the essence of the contract for payments on the part of the purchaser, and releasing the vendor from all obligation upon his default, the failure of the purchaser to make the payments provided for does not render the contract void as to the vendor, or prevent its enforcement by him; and the fact that the vendor did not tender a deed and demand the purchase price until some months subsequent to the date fixed by the contract for final payment, does not prevent the vendor from claiming a specific performance of the contract.

ID. — CONTRACT OF MARRIED WOMAN — CERTIFICATE OF ACKNOWLEDGMENT. — Though the fact of acknowledgment according to law is an essential part of the execution of a married woman's contract in respect to her separate real estate, yet a certificate of acknowledgment to an instrument affecting her title is no essential part of the execution or validity of the instrument.

ID. — PLEADING — EXECUTION OF CONTRACT — EXHIBIT — SUPPORT OF JUDGMENT — SPECIFIC PERFORMANCE. — The absence of a certificate of acknowledgment upon a copy of a contract for the conveyance of land, attached to a complaint for the specific enforcement thereof as an exhibit, is not sufficient to show that the contract was not executed and *acknowledged* according to law, and where the complaint alleges that the plaintiff entered into a contract with the defendant, whereby she agreed to sell to the defendant, and the defendant agreed to purchase the land, such allegations will control, and imply the execution and acknowledgment of the contract according to law, for the purpose of supporting a judgment for specific enforcement of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Metcalfe & McLachlan,* and *Delos Arnold,* for Appellant.

*W. S. Wright, John Haynes,* and *H. C. Carr,* for Respondent.

GAROUTTE, J. — This action is brought by respondent, who was the vendor in a contract for the sale of certain real estate, to enforce specific performance of the contract on the part of the appellant, who was the vendee.

There is an appeal by defendant from the judgment. A copy of the contract is attached to the complaint and made part of it. The contract shows that the plaintiff was a married woman and the wife of T. Banbury at the time she entered into it. There is no certificate of acknowledgment attached thereto, and no express allegation in the complaint that it was acknowledged.

For grounds of reversal appellant insists that the complaint does not state facts sufficient to constitute a cause of action. The fact that appellant's demurrer was overruled by consent does not preclude him from attacking the judgment in this court upon the ground that it rests upon a complaint inherently defective, and it is upon the sufficiency of that complaint that the merits of this appeal must be determined. Section 1093 of the Civil Code provides: " No estate in the real property of a married woman passes by any grant purporting to be executed or acknowledged by her, unless the grant or instrument is acknowledged by her in the manner prescribed by sections 1186 and 1191." Section 1187 of the Civil Code provides that a conveyance by a married woman has no validity until acknowledged according to the requirements of section 1186. In the case of *Jackson* v. *Torrence,* 83 Cal. 521, it was held, under these provisions of the code, that specific performance of an unacknowledged executory contract of a married woman to convey her

separate real property could not be compelled. In the case at bar, assuming that this contract was not acknowledged, we have a married woman attempting to enforce against the vendee her unacknowledged executory contract for the sale of real estate. As we have seen, the vendee could not have enforced the contract against her, and there is no principle of equity that gives or should give her rights under the contract not accorded to the defendant vendee. This principle is clearly declared in Cooper v. Pena, 21 Cal. 412; and in Vassault v. Edwards, 43 Cal. 466, the court said: "There is no exception to the rule—at least none now occurs to us—that the contract, though signed by both parties, will not be specifically executed at the instance of one party, unless performance on his part can also be compelled. The proposition that specific performance of the contract would not be decreed when the party asking its enforcement could not be compelled to perform it was decisive of the case [referring to Cooper v. Pena, 21 Cal. 412], and upon it the case was in fact decided; and, in our opinion, the decision is sustained by the overwhelming weight of the authorities." Appellant concedes the rule, but insists that this cause is an exception thereto, and similar in principle to those cases which hold that a minor may enforce his contract after arriving at majority, or that a beneficiary may enforce a contract against his trustee although the trustee had no enforceable rights against him. The principles there involved are not analogous. Such contracts, for just and proper reasons, are made voidable at the option of the infant or beneficiary; but in this state a married woman in dealing with her separate property stands upon no such plane, and is hampered in her transactions relating to her property in no such manner. The contract in this case is not one, and certainly should not be construed as one, voidable at plaintiff's option. The consideration actuating the vendee in entering into the contract was her agreement to convey the land to him. Her acknowledgment of the contract was an essential part of the execution of it (Joseph v. Dougherty, 60 Cal. 360), and

unless acknowledged, it was not executed, and the consideration actuating the vendee having totally failed, the contract was absolutely void, and became *nudum pactum* for all purposes.

Appellant contends that time was of the essence of the contract, and that plaintiff did not tender a deed and demand the purchase price until some months subsequent to the date fixed by the contract for final payment, and that therefore it will not support the action. While the authorities in this state are not as explicit and uniform upon this question as they should be, yet the true rule is laid down in *Wilcoxson* v. *Stitt*, 65 Cal. 596, 52 Am. Rep. 310, and *Smith* v. *Mohn*, 87 Cal. 489, and, as there found, is opposed to appellant's contention in this regard.

Respondent insists that it does not appear from the record that the contract was not acknowledged, and consequently the judgment must be affirmed. The allegation of the complaint in this regard is: "On the sixth day of May, 1887, the plaintiff entered into a contract with the defendant, whereby the plaintiff agreed to sell to the defendant, etc., and the said defendant agreed to purchase," etc. In *Kays* v. *Phelan*, 19 Cal. 128, in construing a similar allegation of a complaint, the court said: "Upon the allegation of the complaint, the deed must be presumed to have been such as passed the estate of the plaintiff in the premises." Appellant concedes this principle of law, but says that a copy of the contract is made part of the complaint, and controls the allegations thereof as to its contents; and it appears therefrom that the certificate of acknowledgment was not attached, and that therefore it affirmatively appears that the contract was not acknowledged. The proper solution of this question depends upon the fact as to whether or not the certificate of acknowledgment of a notary public to a conveyance of a married woman is a part of the conveyance. If the certificate of acknowledgment is no part of the conveyance, then the absence of such certificate upon the copy of the contract attached to the complaint would in no

way affirmatively indicate that the contract was not executed and acknowledged according to law, and the allegation of the complaint heretofore quoted would be quite sufficient to show such to be the fact.   Prior to the adoption of the codes, under a line of authorities cited in *Leonis* v. *Lazzarovich*, 55 Cal. 52, it would appear that the certificate of acknowledgment of a married woman was an essential part of the execution of her deed; and even in that case, though not necessary to its determination, there is found language supporting such views. In *Wedel* v. *Herman*, 59 Cal. 511, this very question was under discussion, and while the case may not be deemed authority by reason of the remaining justices of the department simply concurring in the judgment, yet the views there expressed by Justice McKee seem to indicate the true rule.   He said: " But execution, acknowledgment, *and* certification of acknowledgment were no longer necessary to the validity of her conveyance.   It was sufficient to pass her estate if she executed and acknowledged a conveyance thereof according to the requirements of the Civil Code. '(Civ. Code, sec. 1093.)   When thus executed and acknowledged, her conveyance had the same legal effect as the deed of a *feme sole*.   (Civ. Code, sec. 1187.)   Therefore the certificate of acknowledgment is not an essential part of her conveyance.   That, under the code, is regarded simply as record proof of the fact of acknowledgment.   When acknowledgment has been made according to law, before an officer qualified by law to take it, the party making it has done all that the law requires to make the instrument her act and deed.   Her deed thus executed and acknowledged may be valid, though defectively certified.   The embodiment of the fact of acknowledgment in the form of the certificate prescribed by law devolves upon the officer who has taken the proof of it, and not upon the party making it."

Under section 1188 of the Civil Code, the duty of the officer in indorsing upon the instrument, or attaching thereto, a certificate of acknowledgment in the form re-

quired by law, is purely ministerial, and it is impossible to comprehend how the ministerial act of such officer can be construed to form a part of the execution of an instrument by a married woman conveying realty. In *Joseph* v. *Dougherty*, 60 Cal. 360, it was held that when an instrument was signed and acknowledged by a married woman it was executed; and in *Hutchinson* v. *Ainsworth*, 73 Cal. 458, 2 Am. St. Rep. 823, the court clearly indicates that the notary's certificate is no part of the conveyance, where it is said: "The conveyance, then, having been properly executed and acknowledged (though not properly certified), was valid as between the parties to it and all the world, except subsequent *bona fide* purchasers," etc.

We therefore conclude that the record before us does not show that the contract involved in this case was not acknowledged by the plaintiff.

Let the judgment be affirmed.

PATERSON, J., and HARRISON, J., concurred.