Filed 2/5/26  Marriage of O'Malley CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of RYAN PATRICK O'MALLEY and JAMIE ANN O'MALLEY | |
| | D085467 |
| RYAN PATRICK O'MALLEY, | |
| Respondent, | |
| v. | (Super. Ct. No. 19FL009689N) |
| JAMIE ANN O'MALLEY, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Renee Stackhouse, Judge.  Affirmed.

Jamie Ann O'Malley, in pro. per., for Appellant.

No appearance for Respondent.

## INTRODUCTION

Jamie Ann O'Malley appeals a postjudgment order in her marital dissolution matter.  She argues the trial court erred when it ordered her to try to refinance her home within six months, request a mortgage assumption within two months of that request if refinancing is untenable, or (if neither

option was possible) seek a realtor and list the house for sale within four months after the lender declines mortgage assumption. We affirm the order.

BACKGROUND

Jamie and Ryan Patrick O'Malley were married in August 2006 and separated in May 2018.[1] The court entered a final judgment of dissolution in July 2020. The judgment provided Ryan would keep "all" of his "unvested military retirement," while Jamie would keep the home "and any liability or debt attached thereto."

In August 2020, the parties refinanced the home loan as evidenced by a new deed of trust, which identifies the borrowers as "Ryan O'Malley and Jamie O'Malley, Husband and Wife, as Joint Tenants." The deed was recorded in the official records of the San Diego County Recorder's Office.

Nearly four years later, in July 2024, the court held a hearing on Ryan's request for order regarding "Change in Child Support" and "Release from Home Loan."[2] The minutes from the hearing show the court's tentative ruling was to order Jamie to refinance the home within 60 days unless it was "economically infeasible" or if she was "denied based solely on the application." In that case, she would have two weeks "to seek mortgage assumption for the lender." If the lender denied her request, then she would need to list the home for sale.

---

[1] As is customary in marital dissolution cases, we use the parties' first names to avoid confusion.

[2] Our recitation of the facts related to Ryan's request for order is solely taken from the court's minute order. His request for order, the parties' declarations and the transcript of the July 2024 hearing are not part of the appellate record. Therefore, "we must presume the missing portions of the record would support the trial court's [o]rder." (*City of Los Angeles v. Herman* (2020) 54 Cal.App.5th 97, 105, fn. 3.)

At the hearing, Ryan requested "longer than 60 days" and Jamie requested six months. After listening to both parties, the court ordered Jamie "to seek refinance of the house within the next 6 months." If the rate was "untenable" or refinance was declined, she could "request the lender to consider a mortgage assumption 2 months from the request." If the lender declined the mortgage assumption request, then Jamie "shall have 4 months to seek a realtor and list the house for sale."

Finally, the court stated that the department of child services had jurisdiction over child support.

## DISCUSSION

Although no respondent's brief has been filed, Jamie as the appellant "still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed.' " (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.)

"In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court." (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) "[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Although we appreciate the challenges of appearing as a self-represented litigant, the pro. per. litigant "is entitled to the same, but no greater, consideration" as any other attorney or litigant on appeal and is

required to follow the rules.  (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.)  The reviewing court is not required to develop the appellant's arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived.  (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.)

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown."  (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  Because Jamie has not produced a complete record of the proceedings that resulted in the July 2024 order, she has failed to overcome the presumption.  To begin with, the determination as to whether the refinanced mortgage was "separate or community property is limited to a determination of whether any substantial evidence supports the finding."  (*In re Marriage of Whitman* (2023) 98 Cal.App.5th 456, 468; see also *In re Marriage of Stephenson* (1984) 162 Cal.App.3d 1057, 1075 (*Stephenson*) ["The trial court's determination of the nature of the transaction was based upon its resolution of conflicting inferences from the evidence. Therefore, its conclusion will be upheld as long as the record on appeal contains substantial evidence to support it."].)

Jamie confirmed her understanding that "without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."  It is settled that "[w]here no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct as to all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence

4

of error.  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript [or agreed or settled statement in lieu of a reporter's transcript] will be precluded from raising an argument as to the sufficiency of the evidence."  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [citations omitted].)  "The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record."  (*Bond v. Pulsar Video Prods.* (1996) 50 Cal.App.4th 918, 924.)

Based on the record before us, Jamie has failed to show the court lacked jurisdiction to issue the July 2024 order.  She points to a provision of the Family Code and a case holding that "the proceeds of a postseparation loan will be the separate property of the borrowing spouse if it is not obtained in exchange for community property and is, therefore, unrelated to the community."  (*Stephenson, supra*, 162 Cal.App.3d at p. 1085 [ex-husband's "postseparation loan" from his pension was "separate property" because it was not "exchang[ed] for community property" and was, therefore, "unrelated to the community"]; Fam. Code, § 2624 [providing that "[d]ebts incurred by either spouse after entry of a judgment of dissolution of marriage but before termination of the parties' marital status or after entry of a judgment of legal separation of the parties shall be confirmed without offset to the spouse who incurred the debt."].)

Following the August 2024 refinance of the home mortgage, however, the debt was jointly incurred in the same way it had been prior to the refinance and prior to the judgment.  The August 2024 security instrument

5

identifies the borrowers as "Ryan O'Malley and Jamie O'Malley, Husband and Wife, as Joint Tenants."[3]

Moreover, the court specifically retained jurisdiction to ensure the debt was transferred to Jamie as "separate property" and away from their joint ownership. The judgment provided she would "receive . . . [c]ontrol, use and ownership of the residence . . . (est. value $530,000) and any liability or debt attached thereto (mortgage approx. $514,000)." It specified each party would "receive the assets listed as his or her sole and separate property," be "solely responsible for paying the debts assigned to him or her" and "hold the other harmless from those debts." Importantly, the judgment required the parties to "execute any and all documents required to carry out this division." Also significant is that the court, within the judgment, "reserve[d] jurisdiction to . . . enforce the terms of this order."

Having no reporter's transcript of the hearing below, we must assume the court found the parties had not yet executed the documents required to carry out the division of property and that Jamie had not yet assumed "sole and separate" ownership of the debt attached to the house. This finding is consistent with the court's July 2024 order and the specific reservation of jurisdiction in its July 2020 dissolution of judgment to "enforce" the judgment's "terms." We thus conclude, based on the limited record before us, that the court's order was an exercise of its jurisdiction to enforce the terms of its judgment.

---

[3]     Although "Husband and Wife, as Joint Tenants" was crossed out on the notary's certificate of acknowledgment verifying their identity at the end of the deed of trust, that has no legal effect on their identification in the security instrument itself. (*Banbury v. Arnold* (1891) 91 Cal. 606, 610 ["the certificate of acknowledgment is not an essential part of her conveyance"].)

Jamie has failed to overcome the presumption that the court's July 2024 order is correct.

DISPOSITION

The order is affirmed.  Jamie shall bear her own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3) & (5).)

DO, J.

WE CONCUR:


IRION, Acting P. J.


CASTILLO, J.