[No. 14077.    Department One.— July 10, 1891.]

CLINTON L. WHITE, APPELLANT, v. A. W. BUELL, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — TIME OF ESSENCE — FOR-FEITURE — TERMINATION OF CONTRACT — RECOVERY BACK OF PURCHASE-MONEY.— Where a contract for the sale of land provides for a cash payment as a forfeit, and that the remainder of the purchase price is to be paid in deferred installments, and that a deed is to be executed upon the payment of a third deferred installment at a date fixed, and that a mortgage is to be given by the purchaser for the residue, and by its terms makes time of the essence of the contract, and provides that the contract shall terminate upon failure to pay any installment, if the vendee pays the first deferred installment of purchase-money, but makes default as to the second installment, and then elects to forfeit the original cash payment, and refuses to proceed further under the contract, he may recover back the first deferred installment of purchase-money paid.

APPEAL from a judgment of the Superior Court of Santa Barbara county.

The facts are stated in the opinion.

*Wilber F. George*, for Appellant.

*W. C. Stratton*, for Respondent.

BELCHER, C. — The facts stated in the complaint in this case are as follows: On the twentieth day of August, 1887, the parties to the action entered into a written contract, whereby the defendant agreed to sell to the plaintiff certain lands in Santa Barbara County for the sum of one hundred and twenty thousand dollars, to be paid as follows: One thousand dollars at the date of the contract; four thousand dollars within thirty days thereafter; thirty-five thousand dollars on or before November 1, 1887; and eighty thousand dollars at such time thereafter as the plaintiff should on November 1, 1887, elect, not exceeding three years from date. The contract then says: "At the time of the payment of said thirty-five thousand dollars, the party of the first part [defendant] shall

execute to the party of the second part [plaintiff] a proper deed conveying to said party of the second part said land by good title, free from encumbrances, and at the same time the party of the second part shall either pay to the party of the first part the balance of said purchase price, or shall execute to the party of the first part a first mortgage on said property to secure the payment of said eighty thousand dollars, with interest thereon at the rate of eight per cent per year, payable yearly. It is further understood and agreed that if the party of the second part does not pay said four thousand dollars within thirty days, or said thirty-five thousand dollars on or before the first day of November, 1887, this contract shall terminate, and the party of the first part shall not thereafter be under any obligations by reason of this contract, nor need he return said one thousand dollars, or any part of it."

As required by the contract, plaintiff paid to the defendant one thousand dollars at the time of the execution thereof, and four thousand dollars within thirty days thereafter. Nothing further was done by either of the parties until on or about November 1, 1887, when plaintiff decided and elected to proceed no further under the contract, and to forfeit the one thousand dollars first paid by him. He then so notified defendant, and demanded that he repay the said sum of four thousand dollars, but defendant refused, ever since has refused, and still refuses, to pay the same, or any part thereof.

Some time in 1888 defendant sold, conveyed, and delivered possession of the property mentioned in the contract to other parties.

Wherefore plaintiff prayed judgment against the defendant for the sum of four thousand dollars, with interest and costs.

The defendant interposed a general demurrer to the complaint, and it was sustained by the court. The plaintiff declined to amend, and thereupon judgment was

entered that he take nothing. From that judgment plaintiff appeals.

We think the demurrer was improperly sustained. The case in all material respects is like *Cleary* v. *Folger*, 84 Cal. 316, 18 Am. St. Rep. 187, and *Drew* v. *Pedlar*, 87 Cal. 443; and on the authority of those cases we advise that the judgment be reversed, and the cause remanded, with directions to the court below to overrule the demurrer.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with instructions to the court below to overrule the demurrer.