95  257<br>98  171<br>95  257<br>125  219

[No. 14619.    Department One. — July 11, 1892.]

## FRANK N. TOWNSEND, APPELLANT, v. J. Q. TUFTS ET AL., RESPONDENTS.

VENDOR AND PURCHASER — ACTION TO RECOVER PURCHASE-MONEY PAID — TIME OF ESSENCE — PLEADING — INSUFFICIENT COMPLAINT — WANT OF PERFORMANCE BY PLAINTIFF. — A complaint by a purchaser to recover money paid upon a contract for the purchase of land, which alleges that by the terms of the contract the sum sued for was to be paid down, and the remainder of the purchase-money was to be paid in installments, and that upon the payment of the last installment the vendor was to execute a deed of the land; that time was made the essence of the contract by express terms; and that at the maturity of the contract the vendors failed and refused to execute a deed; but which does not allege a payment of any deferred installments, or a tender of performance, or an excuse for a failure to make the tender, or any rescission of the contract, — does not state a cause of action.

ID. — MUTUAL NEGLECT TO PERFORM — RESCISSION — FIRST BREACH BY PURCHASER — TENDER AND DEMAND OF CONVEYANCE. — The mere neglect of both parties to such contract to perform the contract on the day fixed for its performance could not, without anything more, operate as a rescission thereof; and when the complaint shows a first breach of the contract on the part of the purchaser, by failure to pay the first deferred payment a full year before the vendors were required to convey, a full tender on his part of the remainder of the purchase-money due, and a demand for a deed, is essential to a recovery of the purchase-money paid, and it is not enough to allege a refusal of the vendors to make and tender a deed at the date fixed for conveyance.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Jones & Carlton,* and *R. L. Horton,* for Appellant.

When the respondents failed, on the sixth day of

March, 1890, to make and tender appellant a deed to the premises described in the complaint, as they had bound themselves to do in their several contracts, then the contracts ceased to exist, and no recovery could be had on them by any of the parties thereto. The several sums paid thereon was money had and received by respondents for the use and benefit of appellant, and subject to be recovered by him. (*Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *White* v. *Buell*, 90 Cal. 177.)

*Albert M. Stephens*, for Respondents.

Time was made of the essence of the contract. The second installment of the purchase-money was not paid nor tendered by the purchaser. Covenants to pay installments are independent. The vendor is under no obligation to do any act at maturity of the intermediate installment. The purchaser must then pay. (*Hill* v. *Grigsby*, 35 Cal. 656; *Rourke* v. *McLaughlin*, 38 Cal. 200.) Time being of the essence of the contract, and the purchaser having failed to tender or pay the intermediate installment, he has himself broken the agreement by his own act, and cannot, of course, recover. The payment of the intermediate installment was a condition precedent, without the fulfillment of which the vendee could have no rights. (Civ. Code, sec. 1439.) If the covenants were even dependent, the plaintiff could not recover anything without offer of performance. (*Dennis* v. *Strassburger*, 89 Cal. 583; *Newton* v. *Hull*, 90 Cal. 487; Civ. Code, sec. 1437.)

HAYNES, C. — Defendants demurred to the complaint, the demurrer was sustained, and the plaintiff having declined to amend, judgment passed for defendants; from which judgment the plaintiff appeals.

The facts alleged in the complaint are, that on March 6, 1888, the defendants entered into a contract with one Parkovitch, whereby they agreed to sell, and said Parkovitch agreed to buy, a certain parcel of land for the sum

of two thousand four hundred dollars, of which sum one third was paid down, and the remaining two thirds was agreed to be paid in two equal annual payments, the last of which fell due March 6, 1890; "at which time," the complaint alleges, "by the terms of said agreement, defendants were to execute and deliver to said Parkovitch or his assigns a good and sufficient deed of grant, bargain, and sale, conveying to him or his assigns the title to said land."

The complaint further alleges that time was made the essence of the contract by express terms; that on March 28, 1889, Parkovitch assigned said contract, and all sums of money paid thereon, to the plaintiff, of all which defendants had notice; that at the maturity of the contract defendants failed and refused, and ever since have failed and refused, to convey; that neither plaintiff nor Parkovitch have ever been in possession (the lands being vacant and unoccupied), and that defendants have not paid to plaintiff any part of the eight hundred dollars so received by them.

The complaint contains no allegation of the payment, nor of any tender or offer to pay either of the deferred payments, nor of any demand for a deed of conveyance, nor of any inability to convey, nor of any rescission, mutual or otherwise, of the contract, unless the failure of the defendants to make and tender a deed to the plaintiff on the sixth day of March, 1890 (that being the day specified in the contract for the payment of the last installment of the purchase-money and for the conveyance of the land), should be held to operate as a rescission or termination of the contract; and this is the sole ground upon which appellant seeks to reverse the judgment.

The appellant contends that by the failure of defendants to tender a deed on that day the contract ceased to exist, and that thereupon he became entitled to recover back the money paid; and cites *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; and *White* v. *Buell*, 90 Cal. 177.

The last two cases cited are clearly distinguishable

from the case under consideration. In *Drew* v. *Pedlar*, 87 Cal. 443, 22 Am. St. Rep. 257, the plaintiff paid one thousand dollars upon the execution of the agreement, but failed to pay the seven thousand five hundred dollars when the same became due, and never offered to pay the same until about ten months after maturity, when he tendered full payment, and demanded a deed for the land. The defendants then refused to accept payment or to execute a deed, and also refused to refund the one thousand dollars paid, and elected to rescind the agreement. Thereupon the plaintiff brought suit to recover the one thousand dollars, and alleged in his complaint the facts above stated, as well as a portion of the contract which provided that upon his failure to make the deferred payment the defendant should be released from all obligation to convey, and all money paid thereon should be as liquidated damages for plaintiff's non-fulfillment of the contract. Under these circumstances, this court held that the plaintiff was entitled to recover the one thousand dollars paid by him, less such actual damages as the defendants might have sustained by plaintiff's breach of the contract, if such damages had been pleaded, following in this respect *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187. In *Drew* v. *Pedlar*, 87 Cal. 443, 22 Am. St. Rep. 257, it must be observed there was a tender by the plaintiff, a demand for a deed, and an express rescission of the contract by the defendant, as was his right under the terms of the contract, and that the plaintiff acquiesced in the rescission by bringing his suit. In the case at bar, however, there was no tender of payment or demand for a deed, and hence the defendants were not called upon to elect whether they would insist upon performance, as they might have done under the authority of *Wilcoxson* v. *Stitt*, 65 Cal. 596, 52 Am. Rep. 310, *Smith* v. *Mohn*, 87 Cal. 489, and *Banbury* v. *Arnold*, 91 Cal. 606; and that being true, the mere neglect of both parties to perform the contract on the day fixed for its performance could not, without anything more, operate as a rescission. The complaint, it is true,

alleges that defendants "failed and refused" to execute
to plaintiff a deed; but in the absence of an allegation
of tender of the purchase-money and demand for a deed,
this allegation must be read in the light of the terms of
the contract, which does not make the execution and de-
livery of the deed a condition precedent to the payment
of the last installment of the purchase-money, but does
fix the time for the execution of the deed at the time
fixed for such final payment.

Under the well-settled authorities, the plaintiff, under
the terms of this contract, must have tendered perform-
ance, and alleged such tender, to enable him to maintain
his action, unless he could excuse his failure to make
the tender by alleging his ability and readiness to pay,
and that the tender was not made because of defendants'
refusal to perform on their part. Besides, in the ab-
sence of an allegation that the first deferred payment
had been made, the plaintiff having specified, and seek-
ing to recover, only the payment made at the date of the
contract, the complaint shows a breach of the contract
on his part a full year before defendants were required
to convey.

In *White* v. *Buell*, 90 Cal. 177, cited by counsel, the
purchaser had the right, under the contract, to termi-
nate it by forfeiting the first payment of one thousand
dollars, his failure to pay either the first or second de-
ferred payments operating, by the express terms of the
contract, as a termination of it, the penalty therefor
being the forfeiture of the payment made at the date of
the contract only, and not of the subsequent payment,
which he was permitted to recover back.

*Cleary* v. *Folger*, 84 Cal. 316, 18 Am. St. Rep. 187, also
cited by counsel for appellant, has been overruled upon
the point to which it is cited in *Newton* v. *Hull*, 90 Cal.
487.

The complaint contains four counts, or causes of ac-
tion, each upon a separate contract, but as all are stated
in the same terms and allege the same facts, it is not
necessary to notice them further.

For the reasons above given, we advise that the judgment be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing · opinion, the judgment is affirmed.

PATERSON, J., HARRISON, J.; GAROUTTE, J.