[18088. Department Two.—April 22, 1893.]

A. E. D. SCOTT, APPELLANT, v. G. R. G. GLENN, RESPONDENT.

APPEAL—ORDER DENYING NEW TRIAL—UNDERTAKING—DISMISSAL.—An appeal from an order denying a new trial must be dismissed when no undertaking on appeal is filed thereon.

ID.—APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—Upon an appeal from a judgment not taken within sixty days from the rendition thereof, the evidence cannot be reviewed, but only the pleadings, findings, and judgment.

VENDOR AND PURCHASER—CONTRACT OF SALE—SIGNATURE BY VENDOR ONLY—VALIDITY.—A contract for the sale of real estate is not void because signed by the vendor only and not by the purchaser. The vendor is the party to be charged, and his signature to the contract, taken in connection with its delivery to the purchaser and a partial payment thereunder, binds both parties.

ID.—SIGNATURE OF VENDOR BY CO-VENDOR—RATIFICATION—FINDING—APPEAL.—When the findings show a written ratification of the signature of one vendor by a co-vendor, such finding is conclusive upon appeal as to the authority for the signature, when the evidence is not before the appellate court for review.

Id. — Time of Essence of Contract — Failure of Vendor to Tender Deed —
Recovery of Purchase-money. — The fact that the contract of sale expressly
makes time of the essence of the contract, and that the vendor did not tender
a deed at the time when the last payment fell due, does not put him in default
so as to preclude a recovery by him of unpaid purchase-money.

Appeal from a judgment of the Superior Court of Fresno
County, and from an order refusing a new trial.

*George B. Graham,* for Appellant.

The plaintiff is entitled to recover the purchase-money paid,
as the contract was void because not signed by any of the
vendees, nor by the vendor, nor by any one lawfully authorized
by him in writing to do so. (Code Civ. Proc., sec. 1973; Civ.
Code, sec. 1624; *Feeney* v. *Howard,* 79 Cal. 525; 12 Am. St.
Rep. 162; *Smith* v. *Taylor,* 82 Cal. 546; *Scott* v. *Bush,* 26 Mich.
418; 12 Am. Rep. 311.) There can be no ratification of a void
contract. (Civ. Code, sec. 2310; 1 Lawson's Rights, Remedies,
and Practice, sec. 31, and note 4.) Authority to agent to "sell"
land does not authorize him to sign the principal's name to a
contract of sale. (*Armstrong* v. *Lowe,* 76 Cal. 616; *Duff* v.
*Hobson,* 40 Cal. 244; 6 Am. Rep. 617.) If a vendor under a
valid contract of sale, time being of the essence thereof, fails to
tender the deed at the time the last payment falls due, he thereby
makes default, and the vendee may recover the purchase-money.
(*Cleary* v. *Folger,* 84 Cal. 316; 18 Am. St. Rep. 179; 6 Am.
Dec. 392; 7 Am. Dec. 305–317.) Time is of the essence of the
contract whenever it appears to have been the intention of the
parties that it should be so. (*Grey* v. *Tubbs,* 43 Cal. 359; *Drew*
v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep. 257.) A contract of
forfeiture of money for breach of contract is void. (Civ. Code,
secs. 1670, 1671; *Drew* v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep.
257.) The assignor of a contract of sale of land must also con-
vey the land in order to give an assignee the right to enforce
specific performance. (*Taylor* v. *McKinney,* 20 Cal. 620; *Baum*
v. *Grigsby,* 21 Cal. 178.)

*J. P. Meux,* for Respondent.

The failure of the defendant to make a tender of the deed
at the time the last payment became due did not preclude him

from recovering the balance of the purchase-money. (*Smith* v. *Mohn,* 87 Cal. 489; *Wilcoxson* v. *Stitt,* 65 Cal. 596; 52 Am. Rep. 310.) The signature by the vendor alone was sufficient. (*Cavanaugh* v. *Casselman,* 88 Cal. 543; *Scott* v. *Glenn,* 87 Cal. 221; *Benson* v. *Shotwell,* 87 Cal. 49; *Vassault* v. *Edwards,* 43 Cal. 458; *Higgins* v. *Mann,* 83 Cal. 66.) The appeal from the judgment alone has been perfected in this case, the appeal from the order denying a new trial being of no effect because of a failure to give the proper undertaking. (*Bornheimer* v. *Baldwin,* 38 Cal. 671; *Corcoran* v. *Desmond,* 71 Cal. 100.) This appeal not having been taken within sixty days after the rendition of the judgment, exceptions for insufficiency of the evidence to support it cannot now be considered. (Code Civ. Proc., sec. 939; *Curran* v. *Kennedy,* 89 Cal. 98; *Handley* v. *Figg,* 58 Cal. 578.)

GAROUTTE, J.— This action arises from a contract of sale of real estate, and was commenced to recover the sum of six hundred dollars paid to respondent and one Meux as a partial payment under the terms of the contract, and is based upon an alleged default upon the part of said respondent and Meux to carry out the terms of said contract. Glenn answered the complaint, denying the allegations thereof, and set out a cross-complaint alleging tender of the deed, demand, and refusal of the payment of the balance due, and asked judgment against Scott and his co-vendees under the contract for the balance due, and that the realty be held to satisfy such judgment. The cross-complaint was denied. Meux as a co-vendor assigned his interest to Glenn, and judgment went in favor of defendant upon the main case, and also in his favor upon the cross-complaint, and plaintiff appeals.

His appeal from the order denying his motion for a new trial must be dismissed, as no undertaking was filed therein, and the appeal from the judgment not being taken within sixty days from the rendition thereof, we cannot look into the evidence, but must confine our examination to the pleadings, findings, and judgment.

1. It is insisted that the contract is void as a contract for the sale of real estate because not signed by the vendees. The vendor is the party to be charged, and his signature to the con-

tract, taken in connection with a delivery thereof to the vendee, and a partial payment thereunder, binds both parties. (*Vassault* v. *Edwards*, 43 Cal. 458; *Dennis* v. *Strassberger*, 89 Cal. 583; *Benson* v. *Shotwell*, 87 Cal. 49; *Cavanaugh* v. *Casselman*, 88 Cal. 543.)

2. The signature of Meux, the co-vendor, was attached to the contract by Glenn, and appellant claims this was done without authority. The court finds the act of Glenn in this regard was fully ratified in writing by Meux. The evidence is not before us, and the finding concludes the matter against appellant's contention.

3. It is insisted that the vendor is in default because he did not tender the deed at the time the last payment fell due, time being expressly made of the essence of the contract. Except as to the single case of *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 179, which has since been overruled in this respect, the authorities are all opposed to the doctrine upon which appellant now relies. (*Wilcoxson* v. *Stitt*, 65 Cal. 596; 52 Am. Rep. 310; *Smith* v. *Mohn*, 87 Cal. 489; *Newton* v. *Hull*, 90 Cal. 493; *Banbury* v. *Arnold*, 91 Cal. 609; *Townsend* v. *Tufts*, 95 Cal. 257; *Joyce* v. *Shafer*, 32 Pac. Rep. 320.)

The findings of the court are full upon all the issues raised by the pleadings. They are favorable to defendant, and support the judgment rendered by the trial court.

For the foregoing reasons let the judgment be affirmed, and the appeal from the order denying a new trial be dismissed.

McFARLAND, J., and DE HAVEN, J., concurred.