[S. F. No. 1103.   Department Two.—June 23, 1899.]

# LUCINDA SWAIN, Appellant, v. DAVID JACKS, Respondent.

CONTRACT OF SALE—TITLE UNDER FORECLOSURE—PAYMENT BY MORTGAGOR—CONDITIONAL PROVISIONS—CONSTRUCTION.—A contract providing that a mortgagee, upon payment of two thousand dollars by one of two mortgagors, would bid in the mortgaged premises under foreclosure, for the full amount of the mortgage debt of four thousand dollars, interest, costs and expenses, and, if there was no redemption, would, upon payment within six months of the residue of the bid, with interest, after deducting the payment made, assign the certificate of sale to such mortgagor, or would, within thirty days after obtaining a deed, convey the property to him, upon payment of the full amount of the original bid, with interest, taxes, et cetera, crediting thereon a first mortgage to be executed for four thousand dollars, upon terms and conditions specified, time being of the essence of the contract, and that, in case of redemption by a third party, the contract should end, and the two thousand dollars should be repaid—is not to be construed as an ordinary, simple contract for the sale of land, with a payment of two thousand dollars made thereon, as part of the purchase price.

ID.—CONSIDERATION FOR PAYMENT—CONDITION OF RECOVERY BACK.—The relieving of the mortgagor, under such contract, from any deficiency judgment, was a consideration for the payment of the two thousand dollars; and if the contract is not rescinded, the money paid cannot be recovered back upon any other condition than that of the redemption by a third party specified in the contract.

ID.—OFFER OF PERFORMANCE BY PURCHASER—ABSENCE OF VENDOR FROM STATE—EXCUSE.—Under a contract of sale, where there was no tender or offer of performance by the purchaser at any time; the fact that the vendor was absent from the state, when performance by the purchaser was required, can not excuse or render impossible an offer of performance, which might be made, in such case, under the terms of section 1489 of the Civil Code.

ID.—EFFORTS OF PURCHASER TO CORRESPOND—RESCISSION—RECOVERY OF PAYMENT.—Mere ineffectual efforts of the purchaser, by correspondence and inquiry, to communicate with the absent vendor, and to seek performance of the contract from the vendor, does not render the failue of the vendor to comply with the contract within the time limited an election to rescind the agreement on his part, or authorize the recovery back of the money paid under the terms of the contract by the purchaser.

APPEAL from a judgment of the Superior Court of Santa Clara County. John Reynolds, Judge.

. The facts are stated in the opinion of the court.

H. V. Morehouse, and F. J. Hambly, for Appellants.

Time being of the essence of the contract, and both parties having failed to perform, the money paid may be recovered. (*Drew v. Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *Cleary v. Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *White v. Buell*, 90 Cal. 177.) It appearing that a tender and demand of a deed would be of no avail, it was excused. (*Merrill v. Merrill*, 95 Cal. 334; *Dowd v. Clarke*, 54 Cal. 48; *Wood v. McDonald*, 66 Cal. 547.)

Francis E. Spencer, for Respondent.

The facts do not excuse the absence of a formal offer to perform, which might have been made under very condition alleged to have existed, and the pleading is insufficient to show an excuse. (Civ. Code, sec. 1489, subd. 3; *Samuel v. Allen*, 98 Cal. 406; *Smith v. Smith*, 25 Wend. 405.) The complaint must set out the facts showing a tender, or valid offer to perform. (*Duff v. Fisher*, 15 Cal. 381; *Heine v. Treadwell*, 72 Cal. 221; *Townsend v. Tufts*, 95 Cal. 261; 29 Am. St. Rep. 107.)

McFARLAND, J.—A demurrer to the amended complaint was sustained in the court below, and judgment went for defendant. Plaintiff appeals.

The action is to recover two thousand dollars alleged to have been received by defendant for the use of plaintiff. The alleged cause of action is founded upon a written contract, set out in full in the complaint, between defendant and one Devendorf (plaintiff's assignor), executed February 14, 1892. The contract is, in substance, as follows: It recites that Jacks had brought an action for the foreclosure of a mortgage executed to him by Devendorf and one Capp, dated June 22, 1887, for four thousand dollars, with interest at eight per cent per annum, compounded semi-annually, and that Jacks proposed to proceed to judgment and have the mortgaged premises sold. Then Devendorf agrees to pay Jacks two thousand dollars upon the latter's

agreement to bid in the premises at the foreclosure sale for the amount of the judgment; and Jacks agrees that upon the payment to him of the two thousand dollars he will bid in the premises "for the full amount of his judgment, claim, interest, costs, and expenses of said action." Jacks further agrees that in the event that no redemptioner shall redeem from the sale within six months, if Devendorf, within the redemption period, shall pay him the full amount which he had bid, less the said sum of two thousand dollars, with interest on the balance, et cetera, he will assign to Devendorf the certificate of purchase. Jacks further agrees that in case no redemption is made, and Devendorf also fails to pay said balance within the six months, Jacks will, at any time within thirty days after he shall receive a sheriff's deed, upon payment to him by Devendorf of the full amount of the original bid, with interest, taxes, et cetera, execute and deliver to Devendorf, or anyone he may appoint, a deed conveying all the interest and estate in the premises acquired by him by the sheriff's deed; Devendorf, however, to pay all taxes, costs, expenses, et cetera, which Jacks may have incurred, with interest on the same at eight and one-half per cent per annum, and all costs and expenses for drawing and recording papers, et cetera; and Jacks also agrees that he will receive in part payment of the purchase money the promissory note of the purchaser for the sum of not exceeding four thousand dollars, payable two years after date, with interest, and with other conditions not necessary to be named — the promissory note to be secured by a first mortgage on the premises. It is then provided as follows: "Time is of the essence of this contract; and after the expiration of thirty days from the date of said sheriff's deed all of the rights of said Devendorf accruing by virtue of this agreement shall absolutely cease and determine." It is also further provided that "in case a redemption shall be made from said Jacks by any party entitled thereto, within the time allowed by law, and for the full amount bid by said Jacks at said sheriff's sale, with two per cent per annum thereon, up to the time of redemption, then and in that case said Jacks shall repay the said Devendorf the sum of two thousand dollars. It is further provided that if said real estate shall be bid in by any other person at said sheriff's sale for the

full amount of said Jack's judgment, interest, costs, and expenses, then this agreement to be void and of no further effect."

It is averred in the complaint that thereafter, on or about April 22, 1892, Devendorf assigned all his rights and equities under the contract to the plaintiff herein; and that Jacks recognized the plaintiff as such assignee, and placed her in possession of the premises as a person entitled to all the rights of Devendorf under the contract. It is further averred that thereafter the sheriff's sale took place, and Jacks bid in the land for the full amount of his claim, and that the plaintiff paid two thousand dollars to him on or about the said twenty-second day of April, 1892; and that no one having redeemed within the statutory period, the sheriff executed the deed of the premises to Jacks. It is then averred that within thirty days after the execution of the sheriff's deed plaintiff "was ready, willing, and able to comply in all respects with the above quoted terms, conditions, and provisions of said contract, and repay the moneys therein required to be paid, and to receive said conveyance of said premises from said Jacks, and to make and execute and deliver to him the note and mortgage provided to be given by her, but the said plaintiff, Lucinda J. Swain, avers that the said Jacks, on his part, utterly failed and neglected to perform or offered to perform his part of said contract, or make, or execute, or deliver, or offer to deliver said deed; but, on the contrary, by his acts and negligence made impossible the performance of said contract by said plaintiff." The said "acts and negligence" are then averred to be these: That during said period of thirty days and for some weeks prior thereto, and for several months thereafter, the said Jacks was absent from the state of California in some portion of the eastern states unknown to said plaintiff, and that during his said absence the said Jacks left and had no agent or attorney-in-fact within the state of California empowered to execute any of the terms of said contract, or to make or deliver said deed, or receive said money or said note and mortgage of said plaintiff"; and that during said thirty days she "made every reasonable and proper effort by correspondence and by inquiry to find and communicate with said Jacks, and to procure the completion of the terms of said contract and the title in her to the said property, and she was totally unable so to do." It is then averred that, "by

reason of the facts aforesaid," plaintiff was prevented from per-
forming her part of the contract, and defendant failed to per-
form or offered to perform his part thereof, and thereby "elected
to rescind" said agreement, and that the same was thereby re-
scinded, and that "the failure of both plaintiff and defendant
to comply with the terms thereof within thirty days, as therein
provided," terminated the contract, and that the same has there-
by become at an end. It is then averred: "That by reason of
the facts aforesaid plaintiff alleges that said defendant received
from said plaintiff the sum of two thousand dollars to the use
of said plaintiff."

The demurrer was properly sustained. It will be observed
that there is in the contract an express provision that Jacks
shall repay the two thousand dollars, and the contract shall end,
in the event of a redemption by a third party; and that there
is no other provision whatever for the repayment of the money.
There was evidently a consideration for the payment of the two
thousand dollars by Devendorf in the fact that Jacks was to
bid the whole amount of his claim and thereby relieve the for-
mer from any deficiency judgment; and, as a corollary to this,
it was agreed that if some third person should redeem by pay-
ing the full amount of Jack's bid, with interest, percentage, et
cetera, so that Jacks' entire claim should be satisfied without
the aid of the two thousand dollars paid by Devendorf, then the
last-named sum of money should be repaid to Devendorf. But
this event, upon the happening of which the money was to be
repaid, never occurred. Therefore, appellant is not justified in
taking the position that the contract should be treated as an
ordinary, simple contract to sell land where there has been part
payment of the purchase price. But if this view could be taken
of it, still the complaint is insufficient, because no tender of
performance of her part of the contract was made within the
thirty days, or at any time. (See *Townsend v. Tufts*, 95 Cal.
257, 29 Am. St. Rep. 107, which, on this point, is nearly iden-
tical with the case at bar; also *Scott v. Glenn*, 98 Cal. 168, and
cases there cited.) No sufficient excuse is alleged for not making
the tender; section 1489 of the Civil Code prescribes how a
tender shall be made under the circumstances set forth in the
complaint. (*Samuel v. Allen*, 98 Cal. 406.) The facts averred

do not constitute a rescission of the contract by respondent. (*Haile v. Smith*, 113 Cal. 661, and cases there cited; *Glock v. Howard etc. Co.*, 123 Cal. 1; 69 Am. St. Rep. 17.)

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.