In this case the bill was filed by the First National Bank of Garfield against Samuel Dressler and Helen Dressler, for the purpose of enforcing against certain property standing in the name of Helen Dressler, the lien of a judgment which the *Page 382 
bank held against Samuel Dressler; upon the assertion that the property had been conveyed by Samuel Dressler to Helen Dressler without consideration, in order to avoid the lien of the judgment. It appears that meantime Helen Dressler had made a contract with Joseph Dondero, John Poggi and Cynthia Massone for the sale of the real estate in question, upon certain terms set forth in the articles of agreement between them. Upon the dates fixed for the passing of title under that agreement the vendees requested an adjournment. This was granted upon the condition that $500 be deposited on account of the purchase price. This was in addition to $500 which had been deposited upon the signing of the agreement of sale. It was specifically recited in the contract that "moneys paid on account hereof are liens against premises." It was also provided in the contract, "the party of first part warrants that the footing under foundation is level, and that the building is entirely within the lot lines." It further provides that "for the performance of all and singular the covenants and agreements aforesaid, the said parties do bind themselves and their respective heirs, executors and administrators, and they hereby agree to pay upon failure to perform the same, the deposit or consideration paid hereon, with reasonable expenses, which they hereby fix and settle as liquidated damages therefor."
Upon the payment of the second sum of $500 at the time of the adjournment of the date for the passing of title, the following receipt was given:
"Receipt is hereby acknowledged of the sum of $500 by Helen Dressler, the seller of the above-described premises, from the three above-named purchasers herein. It is expressly understood, that this money is to be an additional deposit to be applied to the final purchase price as such. It is also understood and agreed, that this $500 additional deposit is received by the seller without prejudice to the rights of the parties herein involved.
[Signed] HELEN DRESSLER."
A short time before the adjourned date so fixed, the bank filed its bill as aforesaid, and also filed a lis pendens based upon that bill, pursuant to the statute. When the parties *Page 383 
met for the passing of the title, the vendees refused to take the deed for the premises on the ground that this lis pendens had been filed, based upon a suit which not only affected the validity of the title to the premises, but which, if it prevailed, would divest the vendor, Helen Dressler, of title entirely, and because a survey of the premises disclosed that the buildings thereon extended several inches over the lines on to the adjoining properties on both sides of the lot. The vendees, however, had personally inspected the premises prior to the signing of the contract, and the extensions over the lines were obvious.
Later on, the vendees, Dondero, Poggi and Massone, intervened in the suit brought by the bank against the Dresslers, asking this court to establish a vendees' lien to the extent of the $1,000 paid on account of the purchase price and to foreclose it and direct the payment of that sum to those intervening defendants. The controversy between the bank and the Dresslers has been adjusted pending the litigation, and the original bill filed by the bank is therefore not now a live issue. The intervenors, however, claim that they are entitled to have the cause proceed upon their application respecting the vendees' lien. The defendant Helen Dressler resists the application of the intervening defendants, and contends that they were in fault in refusing to take title when she tendered it under the contract, and knew, or should have known, of the extension over the lines of the lot, prior to the making of the contract, and that, therefore, the moneys deposited, in accordance with the terms of the contract, have become forfeited to her as liquidated damages, and that she is entitled to retain them.
The respective rights of the vendor and the vendees, therefore, with respect to these moneys, would seem to depend upon the construction of the agreement of sale referred to, and the situation which the testimony discloses with regard to the condition of the title and the premises at the time finally fixed for the passing of the title.
The probability of litigation affecting the title to the lands growing out of the lis pendens has, as a matter of fact, passed *Page 384 
out by the adjustment of that controversy between the bank and the Dresslers.
The testimony satisfies me that the vendees did not rely upon the provision of the contract respecting the location of the buildings entirely within the lot lines, but that, on the contrary, they examined and inspected the premises, and must reasonably have discovered that the extensions complained of existed. Nevertheless, they permitted the transaction to proceed up to the point of requesting an adjournment of the passing of title, merely because of the absence of their counsel, who was actually engaged in the trial of a case in another city, and could not be present, and who raised no objection to the title or the extensions of the buildings over the lot lines on to the adjoining properties, until the deed was tendered by the vendor on the final date fixed for the closing of the transaction.
Under these circumstances, I am of the opinion that the vendees defaulted in their obligation under the contract, and that they cannot, therefore, now ask this court to enforce their alleged vendees' lien in this proceeding, particularly with regard to the original payment of $500 on account of the purchase price. The contract specifically provides that in case of default, that amount so paid on account should be fixed as liquidated damages, and the intent of the parties, and the true construction of the contract, seem clearly in favor of the proposition that it was to be retained by the vendor in the event of default by the vendees.
However, the additional $500 paid on account at the time of the adjournment of the date fixed for the passing of title is, I think, in a different position. It was specifically provided in the receipt given at the time of that payment of the additional $500 that such payment was to be without prejudice to the rights of the respective parties. It seems to me, therefore, that the vendor cannot equitably claim the right to retain this second payment as part of the liquidated damages under the original contract, and that to this extent the vendees are entitled to enforce their vendees' lien in this proceeding.
I will advise a decree in accordance with these views. *Page 385