WEIDNER, Plaintiff, vs. HYLAND and others, Defendants.
[Two appeals.]

*May 9—September 11, 1934.*

14

The cause was submitted for the plaintiff on the briefs of *Gold & McCann*, attorneys, and *Walter D. Corrigan, Sr.*, and *W. G. Sullivan* of counsel, all of Milwaukee, and for the defendants on the briefs of *Jacobson & Malone* of Waukesha, attorneys, and *William H. Spohn* of Madison of counsel.

The following opinion was filed June 5, 1934:

FOWLER, J. The defendants appeal because they were not awarded judgment upon the counter-claim. The plaintiff

appeals because he was not allowed recovery of the initial payment of $1,000. The original defendant Geo. W. Hyland is hereinafter referred to as the vendor.

1. The decision of the case turns on the meaning of two provisions of the contract, reading as follows:

(1) "If the buyer fails to perform his part of this. agreement, his earnest payment shall be forfeited to the sellers."

(2) "The sellers agree to furnish the buyer with a merchantable abstract of title to date; if such title cannot be furnished the earnest money shall be refunded to the buyer."

The plaintiff claims that the terms "earnest payment" and "earnest money" refer to the initial $1,000 payment only. The defendants claim that the word "earnest" has no particular significance, and that the contract should be construed as if it contained the usual provision of land contracts, that in case of default of payments by the vendee all payments theretofore made by him shall be forfeited to the vendor.

It seems clear from the face of the contract itself that the terms "earnest payment" and "earnest money" refer to the $1,000 initial payment. The ordinary meaning of the phrases "earnest payment" and "payment of earnest money" is the "down payment" made upon the making of a sale or agreement for sale. It is quite true, as claimed by the defendants, that the term "earnest" originally meant a partial payment or delivery of goods made to take a case out of the provision of the statute of frauds requiring a contract of sale of goods to be in writing unless something were paid or delivered "in earnest to bind the bargain." (See Bouvier's Law Dictionary for a full discussion of the original meaning of the term.) Technically it properly applies only to sales of chattels. However, the term was used in the instant contract with some definite meaning, and the only such meaning that can reasonably be given to it is to construe it as referring to the $1,000 payment made at the signing of the contract. As said by the trial judge, if the term "earnest

payment" had been used to cover more than the one payment, the plural "earnest payments" would have been used. While use of the term "earnest payment" is not strictly applicable to real-estate transactions, it was used in the contract involved in *Woodman v. Blue Grass Land Co.* 125 Wis. 489, 103 N. W. 236, 104 N. W. 920, and in the opinion in that case, as meaning as above indicated, and it has been construed so to mean when used in connection with agreements for sale of land. *Davis v. Martin,* 146 N. C. 281, 59 S. E. 700; *Kurtz v. Payne Investment Co.* 156 Iowa, 376, 135 N. W. 1075, 1078. It has been expressly held under contracts similar in import to the one here in suit, that on default of the vendee he could recover all payments made except the original down payment. *White v. Buell,* 90 Cal. 177, 27 Pac. 19; *Artzerounian v. Demetriades,* 276 Pa. St. 303, 120 Atl. 142; *First Nat. Bank v. Dressler,* 110 N. J. Eq. 381, 136 Atl. 417. Forfeitures are not favored. If the vendor intended that payments subsequent to the first should be forfeited in case of the vendee's default, he should have seen to it that the contract so provided. A forfeiture clause cannot be extended to cover payments not expressly provided for therein.

2. The defendants assign as error the receipt of oral evidence to show the sense in which the terms "earnest payment" and "earnest money" were used, claiming that the meaning of the terms must be drawn from the language of the contract. The evidence consisted mainly of conversations between the original parties that occurred during the course of their negotiations. The defendants were claiming the terms meant nothing at all. The plaintiff was claiming that they meant something. Thus the parties were claiming the contract was ambiguous. When a term or phrase in a contract is ambiguous, what was said by the parties preliminary to the signing of it is receivable to show the sense

in which it was used. *Hammond v. Capital City Mut. F. Ins. Co.* 151 Wis. 62, 138 N. W. 92; *Hannon v. Kelly,* 156 Wis. 509, 146 N. W. 512; *Strayer v. Gimbel Bros.* 172 Wis. 76, 178 N. W. 241; *Jones v. Holland Furnace Co.* 188 Wis. 394, 206 N. W. 57. . The evidence received clearly establishes that both parties understood the terms "earnest payment" and "earnest money" to apply only to the $1,000 down payment. Thus whether the contract be considered as ambiguous or not its construction is the same, and the defendants were not prejudiced by the receipt of the evidence.

3. The plaintiff claims that the court erred in holding that he breached his contract; that the defendants breached their contract in failing to furnish an abstract showing merchantable title; and that because of defendants' such breach the plaintiff is entitled to recover the $1,000 "earnest money" in addition to his other payments.

The basis of the court's finding that the plaintiff breached his contract was that the plaintiff delivered to the vendor a $500 check as making up the full $7,000 payment. He then stated to the vendor that he did not know when he could pay him any more money. Not only the $7,000 payment but the first $28,000 was then past due. He also stated that he might have to abandon the deal. He also said to the vendor, "I. don't suppose you will give me my thousand dollars back," and the vendor answered, "I don't see why I should give any of it back," and gave the plaintiff to understand that he would not pay back anything. The plaintiff thereupon stopped payment of the check. The vendor at this time claimed the plaintiff was in default for not making the two first payments, as he unquestionably was. The plaintiff then claimed the vendor was in default for not furnishing an abstract showing a merchantable title, as he unquestionably was. Shortly thereafter the vendor sent the plaintiff a notice declaring the contract terminated because of his default

in payment. Subsequently the plaintiff sent the vendor a letter demanding repayment of the amount paid on the contract, including the $1,000 down payment. There is no question that plaintiff told the vendor he could not go on under the contract as written; and that he would have to have more time to enable him to raise money or he would have to throw up the contract. It is also plain that he could not raise the money to make the payments, and that the reason why he did not carry out the contract was that he could not rather than the vendor's failure to furnish the abstract. The defects in the title appearing from an abstract the vendor had submitted were such as could apparently be corrected, and the plaintiff had offered to extend the time for furnishing the abstract if the vendor would extend the time of payments. From this it seems clear that the reason for the plaintiff's failure to pay was his inability to pay, and not the vendor's default in furnishing a sufficient abstract. In this situation we are of opinion that the trial court was correct in holding the contract breached by the plaintiff. By the plain provision of the contract, (1) above, by the breach of the contract by the plaintiff the "earnest money" was forfeited to the vendor. The trial court therefore rightly denied recovery of the $1,000 "earnest money."

*By the Court.*—The judgment of the circuit court is affirmed.

WICKHEM, J., took no part.

The following opinion was filed September 11, 1934:

FOWLER, J. (*on motion for rehearing*). The opinion heretofore filed herein inexcusably assumed that the judgment appealed from awarded plaintiff a vendee's lien. The judgment did not award a lien, and one ground of plaintiff's appeal is the omission of a provision therefor. The man-

date of this court affirmed the judgment. The opinion did not discuss whether a lien should have been awarded, and the plaintiff moves for a rehearing to procure a determination of this question.

The question whether the plaintiff was entitled to a vendee's lien should have been treated in the original opinion. It was discussed in the original briefs and the plaintiff has filed an additional brief thereon upon the motion for rehearing, to which the defendants' counsel have not replied. We take it counsel have said all they desire to say upon the point, and that there is no occasion to reargue the question or for submission of additional briefs.

In the briefs of the parties only decisions of this court were cited: *Miswald-Wilde Co. v. Armory Realty Co.* 210 Wis. 53, 243 N. W. 492, 246 N. W. 305; *Hamill v. Kuchler,* 203 Wis. 414, 232 N. W. 877, 234 N. W. 879; *Wickman v. Robinson,* 14 Wis. 535. In each of these cases the awarding of the lien was granted because of a breach of the contract by the vendor and the vendee's refusal to perform was based upon the vendor's breach. In this case, while there was a breach by the vendor in not furnishing an abstract showing a merchantable title, it appears that the vendor had commenced proceedings to perfect the title and that the reason for the vendee's refusal to carry out the contract was his inability to do so. We are of opinion, however, that the refusal of the vendee to continue the payments does not, under the circumstances, deprive him of the right to his lien. The lien attaches when a payment on the purchase-price is made, and remains whenever the right to recover the payment exists, whether the right exists by virtue of the express terms of the contract, as here, or solely by reason of the vendor's default. This is the rule as stated in 66 C. J. p. 1495, § 1583. To the same effect is a statement in 27 R. C. L. p. 629, § 386. It was definitely held in *Whit-*

*bread & Co. v. Watt,* 1 Law Rep. 835 (1 Ch. Div. 1902), that where the contract gives the vendee the right to rescind upon the happening of a specified event, he has a lien on the land for the payments he has made. For like reason it exists wherever right of recovery exists under the contract. The vendor is a trustee for the vendee of all payments made which the vendee has a right to recover. A full discussion of the subject is contained in the opinion of the court in *Elterman v. Hyman,* 192 N. Y. 113, 84 N. E. 937.

We are of opinion that the plaintiff was entitled to have inserted in the judgment the provision for a vendee's lien substantially as contained in his proposed conclusions of law submitted to the trial judge. The trial court may insert in the judgment such period for payment of the sum found recoverable as may be deemed reasonable.

*By the Court.*—The motion for rehearing is denied, without costs, except to plaintiff for printing the brief submitted on the motion. The statement in the statement of facts preceding the original opinion of this court that the judgment decreed a vendee's lien is withdrawn. The original mandate is modified to direct modification of the judgment by inserting therein provision for a vendee's lien in accordance with this opinion, and to read that as so modified the judgment is affirmed. Costs on the appeal are allowed to the plaintiff.